[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11806
Non-Argument Calendar
_____

D.C. Docket No. 2:00-cr-14088-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY EDWARD CARTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 4, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Johnny Edward Carter, a federal prisoner, appeals the denial of his motion

to reduce his sentence based on Amendment 750 to the Sentencing Guidelines.  18

U.S.C. § 3582(c)(2).  The district court ruled that Carter was ineligible for relief because he was sentenced as a career offender.  Carter argues that the decision of the Supreme Court in Freeman v. United States, 564 U.S. ___, 131 S. Ct. 2685 (2011), abrogated our decision in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), that a career offender is categorically ineligible for a reduced sentence. We affirm.

Carter's argument is foreclosed by our recent decision in United States v. Lawson, 686 F.3d 1317 (11th Cir. 2012).  In Lawson, this Court held that Freeman, which did not address how retroactive amendments affect career offenders, did not abrogate Moore.  Lawson, 686 F.3d at 1320–21.  Like Lawson, Carter  was sentenced as a career offender, United States Sentencing Guidelines Manual § 4B1.1 (Nov. 2000), and was ineligible for a reduced sentence under Amendment 750.  The district court did not err by denying Carter's motion.

The denial of Carter's motion to reduce his sentence is **AFFIRMED**.