[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14324
Non-Argument Calendar
_____

D.C. Docket No. 8:07-cr-00261-JSM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUANTAVIAN YEMETRIUS HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 12, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges

PER CURIAM:

Quantavian Harris appeals pro se the denial of his motion to reduce his sentence.  18 U.S.C. § 3582(c).  We affirm.

The district court did not err.  Harris is ineligible for a sentence reduction under Amendment 750 because he was sentenced as a career offender.  See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir.), cert. denied, 133 S. Ct. 568 (2012).  Harris also cannot obtain relief based on the lower mandatory minimum sentence provided under the Fair Sentencing Act of 2010.  The Act "is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and . . . does not serve as a basis for a . . . sentence reduction" under section 3582(c)(2), and in any event, the lower mandatory sentence does not apply retroactively to offenders who, like Harris, were sentenced before the effective date of the Act.  United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).  Harris argues, for the first time, that denying him the benefit of a reduced sentence under the Act violates his right to due process under the Fifth Amendment and constitutes cruel and unusual punishment under the Eighth Amendment, but we cannot consider these "extraneous sentencing issues."  United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000).  Harris may raise his constitutional arguments in a collateral motion.  See 28 U.S.C. § 2255.

We **AFFIRM** the denial of Harris's motion to reduce his sentence.