[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13138
Non-Argument Calendar
_____

D.C. Docket No. 2:05-cr-00078-VMC-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LYNDE ROGERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 25, 2013)

Before CARNES, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Michael Lynde Rogers pleaded guilty to possession with intent to distribute and distribution of more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  The presentence investigation report concluded that he was a career offender under United States Sentencing Guidelines § 4B1.1(b) (Nov. 2005).  Because Rogers was a career offender and the offense carried a statutory maximum sentence of 40 years, the PSR recommended a base offense level of 34.  See id. § 4B1.1(b)(B).  After a 3-level reduction for acceptance of responsibility, see id. § 3E1.1, his total offense level was 31.  As a career offender, Roger's criminal history category was VI.  See id. § 4B1.1.  His resulting guidelines range was 188 to 235 months imprisonment.  The district court adopted the PSR and sentenced Roger to 188 months imprisonment.  The government later filed a motion to reduce Rogers' sentence by two levels based on his substantial assistance to the government.  See Fed. R. Crim. P. 35(b).  The district court granted that motion and reduced Rogers' sentence to 151 months.

In 2011 the district court sua sponte ordered the probation office to provide a supplemental report on whether Rogers was eligible for a sentence reduction under Amendment 750 to the sentencing guidelines.  The report concluded that Rogers was ineligible for a sentence reduction because he was sentenced as a career offender.  In his response, Rogers argued that he was entitled to a sentence reduction based on Freeman v. United States, 564 U.S. —, 131 S.Ct. 2685 (2011).

The district court concluded that Rogers was ineligible for a sentence reduction because he was sentenced under the career offender guidelines. This is Rogers' appeal.

We review de novo a district court's conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008). "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the [career offender] sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Id. at 1330. Amendment 750, which lowered the base offense level for crack cocaine offenses, did not alter the sentencing range upon which Rogers' sentence was based because he was sentenced under the career offender guideline, U.S.S.G. § 4B1.1. For that reason, Moore controls this case.

Rogers contends that the Supreme Court's decision in Freeman v. United States, 564 U.S. —, 131 S.Ct. 2685 (2011), abrogated our decision in Moore, but we have already rejected that argument in United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012). Rogers argues that Lawson is distinguishable because in Lawson, the defendant's sentence was within the career offender guidelines range, while Rogers' sentence was later reduced below his career offender guidelines range because of his substantial assistance to the government. That distinction

3

does not matter, because the question we are required to ask under <u>Moore</u> and <u>Lawson</u> is whether Amendment 750 altered "the sentencing range upon which [Rogers'] sentence was based." <u>Moore</u>, 541 F.3d at 1330. Even though Rogers' sentence was later reduced below his guidelines range, his sentence was still based on the career offender guideline. And because Amendment 750 did not alter Rogers' sentencing range under the career offender guideline, he is not eligible for a sentence reduction under § 3582(c)(2).

**AFFIRMED.**