[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14471
Non-Argument Calendar
_____

D.C. Docket No. 2:00-cr-14078-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE COKUMOA ROUSE, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 2, 2013)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Willie Cokumoa Rouse, a federal prisoner proceeding *pro se*, appeals the

district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence

reduction.  On appeal, Rouse argues that district court erred by declining to

retroactively apply Amendment 750 and the reduced statutory penalties of the Fair Sentencing Act of 2010 ("FSA") to reduce his sentence. For the reasons set forth below, we affirm the district court's denial of Rouse's § 3582(c)(2) motion.

I.

In 2001, Rouse was convicted of three counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The presentence investigation report ("PSI") held him accountable for 16 grams of crack cocaine and, thus, he had a base offense level of 26 pursuant to § 2D1.1. However, as he had at least two prior felony convictions for a crime of violence or a controlled substance offense, the PSI classified him as a career offender pursuant to § 4B1.1. Because the statutory maximum penalty for his offenses was 40 years' imprisonment, his offense level was 34. He received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b)(2). Based on a total offense level of 31 and a criminal history category of VI, Rouse's guideline range was 188 to 235 months' imprisonment. The district court imposed a total sentence of 235 months' imprisonment.

In 2008, Rouse filed a motion for a sentence reduction pursuant to § 3582(c)(2), arguing that Amendment 706 lowered the base offense levels in § 2D1.1 for his crack cocaine offense. The district court denied the motion, explaining that Rouse was sentenced to 235 months' imprisonment because he

2

qualified as a career offender.  Thus, his base offense level remained 31 for sentencing purposes and, therefore, Amendment 706 did not reduce his sentence.

In 2012, Rouse, proceeding *pro se*, filed the instant motion to reduce his sentence, pursuant to § 3582(c)(2) and Amendment 750.  According to Rouse, Amendment 750 made retroactive the FSA's reduced statutory penalties.  Thus, application of Amendment 750 lowered the statutory maximum for his offenses and, as a result, his career offender guideline range was also lowered.  Rouse further argued that the Supreme Court recognized in *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321, 183 L. Ed. 2d 250 (2012), that § 3582(c)(2) authorized district courts to retroactively apply the FSA to those sentenced before the FSA's effective date.  Finally, citing to *Freeman v. United States*, 564 U.S. ___, 131 S. Ct. 2685, 180 L. Ed. 2d 519 (2011), Rouse argued that, because § 2D1.1 was part of the analytical framework used by the district court to calculate his initial sentence, he was entitled to relief under § 3582(c)(2) and Amendment 750.

The district court denied Rouse's motion because, due to his status as a career offender, Amendment 750 did not lower his guideline range.

## II.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2).  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.), *cert. denied*, 133 S. Ct. 568 (2012).  Section 3582(c)(2) provides that a

3

court may reduce a defendant's sentence where the defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission and must be based on a retroactively applicable guideline amendment listed in § 1B1.10(c). 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & comment. (backg'd). According to § 1B1.10, a sentence reduction is unauthorized under § 3582(c)(2) where it does not have the effect of lowering a defendant's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Before the FSA was signed into law on August 3, 2010, distribution of 5 grams or more of crack cocaine triggered the application of a statutory mandatory minimum sentence of 5 years' imprisonment and a maximum sentence of 40 years' imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii) (2009). The FSA changed the crack-to-powder-cocaine ratio from 100-to-1 to about 18-to-1. *Dorsey*, 567 U.S. at __, 132 S. Ct. at 2326. The FSA also amended the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 5 grams to 28 grams the amount of crack cocaine necessary to trigger the 5-year mandatory minimum sentence and 40-year maximum sentence. Fair Sentencing Act of 2010, Pub. L. No. 111–220 § 2(a), 124 Stat. 2372 (2010). Under the FSA, where a defendant has distributed less than 28

4

grams of crack cocaine, a maximum sentence of 20 years' imprisonment applies. *See* 21 U.S.C. § 841(b)(1)(C).  On June 21, 2012, the Supreme Court held in *Dorsey* that the FSA's reduced statutory mandatory minimums apply to defendants who committed crack cocaine offenses before August 3, 2010, but were sentenced after the date the FSA went into effect.  *Dorsey*, 567 U.S. at ___, 132 at 2326.

Amendment 750 to the Sentencing Guidelines, made retroactively applicable on November 1, 2011, by Amendment 759, makes permanent the temporary emergency Amendment 748, which lowered the base offense levels for particular crack cocaine quantities in § 2D1.1(c), pursuant to the FSA.  *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and* U.S.S.G. App. C, Amend. 759.  A career offender's offense level is determined by § 4B1.1(b), rather than § 2D1.1.  U.S.S.G. § 4B1.1(b).  We have previously held that a career offender is not entitled to § 3582(c)(2) relief where a retroactive guideline amendment reduces his base offense level, but does not alter the sentencing range upon which his sentence was based.  *See Lawson*, 686 F.3d at 1320.  In *Lawson*, we rejected a defendant's argument that, in light of the Supreme Court's decision in *Freeman*, he was entitled to a sentence reduction based on § 3582(c)(2) and Amendment 750, notwithstanding his sentence being based on the career offender guideline.  *Id.* at 1319-21.  In *Freeman*, the question before the Supreme Court was whether defendants who entered into Fed. R. Crim. P. 11(c)(1)(C) plea agreements were

eligible for § 3582(c)(2) relief.  564 U.S. at ____, 131 at 2690.  We determined that neither the plurality opinion nor Justice Sotomayor's concurrence in *Freeman* addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1.  *Lawson*, 686 F.3d at 1321.  Thus, we held that *Freeman* did not overrule our prior holding that a career offender was not entitled to § 3582(c)(2) relief where his guideline range was not lowered by a retroactive amendment.  *Id.* Accordingly, we held that Lawson, a career offender, was not entitled to relief based on Amendment 750 and § 3582(c)(2), as his guideline range based on § 4B1.1 was not reduced by Amendment 750.  *Id.*

In *United States v. Berry*, we addressed the applicability of Amendment 750 and the FSA in the context of an § 3582(c)(2) proceeding.  701 F.3d 374, 376-77 (11th Cir. 2012).  Berry was convicted of a crack cocaine offense and sentenced in 2002, and his initial guideline range was 360 months to life imprisonment, which was based on his status as a career offender under § 4B1.1(b), not on the drug quantity tables in § 2D1.1.  *Id.* at 376.  In addition, because Berry had two prior felony drug convictions, he was subject to a statutory mandatory minimum life sentence under 21 U.S.C. § 841(b)(1)(A) (2009), and, as a result, his guideline sentence became life imprisonment, pursuant to U.S.S.G. § 5G1.1(c)(2).  *Id.* at 376-377 & n.2.  Berry filed a § 3582(c)(2) motion for a sentence reduction

pursuant to Amendment 750, and the district court denied the motion. *Id.* at 376. On appeal, we affirmed, holding that the district court did not have the authority to grant Berry's § 3582(c)(2) motion because Amendment 750 had no effect on Berry's initial guideline range of 360 months to life imprisonment or his guideline sentence of life imprisonment. *Id.* at 377.

In addition, we rejected Berry's argument that he was eligible for a § 3582(c)(2) reduction under the FSA, determining that the FSA was not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress. *Id.* Thus, it did not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case. *Id.* Even assuming that Berry could bring his FSA claim in a § 3582(c)(2) motion, we continued, his claim still failed because he was convicted and sentenced in 2002 and the FSA did not apply retroactively to his 2002 sentences. *Id.* We pointed out that the general savings clause in 1 U.S.C. § 109 provides that the repeal of a statute shall not have the effect of releasing or extinguishing any penalty incurred under that statute unless the repealing Act expressly so provides. *Id.* We then agreed with "every other circuit to address the issue" that there was no evidence that Congress intended the FSA to apply to defendants who had been sentenced before the August 3, 2010, date of the FSA's enactment. *Id.* Finally, we distinguished the Supreme Court's decision in *Dorsey*, noting that *Dorsey* did not suggest that the FSA's new mandatory minimums

7

should apply to defendants, like Berry, who were sentenced before the FSA's effective date. *Id.* at 377-78.

In a footnote, we noted that, if Berry was resentenced under the FSA, his statutory maximum sentence would remain life imprisonment, and his offense level under U.S.S.G. § 4B1.1(b) would remain unchanged. *Id.* at 377 n.3. Thus, we noted, even if Berry's statutory mandatory minimum was reduced to 10 years under the FSA, his guideline range under U.S.S.G. § 5G1.1 would be 360 months to life imprisonment. *Id.*

After the parties filed their briefs in the instant appeal, we issued our decision in *United States v. Hippolyte*, which addressed whether the FSA applies retroactively to defendants, like Rouse, who were convicted and sentenced before its effective date. No. 11-15933, manuscript op. at 14-15 (11th Cir. Mar. 14, 2013). In *Hippolyte*, the defendant was sentenced in 1996 for an offense involving crack cocaine, and his sentence was based on the applicable 240-month statutory mandatory minimum, which became his guideline sentence under U.S.S.G. § 5G1.1. *Id.* at 2-3. In 2011, Hippolyte moved for a sentence reduction based on § 3582(c)(2) and Amendment 750, and the district court denied the motion because he had received the statutory minimum sentence for his offenses. *Id.* On appeal, Hippolyte argued that the FSA applies in § 3582 proceedings. *Id.* at 3. In affirming the district court's decision, we relied on *Berry*, holding that, even if

8

Hippolyte could raise a § 3582(c)(2) claim, the claim would fail because FSA did not apply retroactively to his 1996 sentence. *Id.* at 14–15.  We reaffirmed our conclusion, in *Berry,* that the Supreme Court's decision in *Dorsey* did not suggest that the FSA should apply to defendants who were sentenced long before the FSA's effective date. *Id.* at 14.  We explained that, because the FSA did not apply to Hippolyte's case, the statutory minimums that applied were the ones that were in place at the time when he was sentenced in 1996. *Id.* at 15.

In the instant case, the district court correctly denied Rouse's § 3582(c)(2) motion because his guideline range was not lowered by Amendment 750. Amendment 750 reduced the base offense levels in § 2D1.1, not in § 4B1.1, and, contrary to Rouse's assertion, Amendment 750 did not make the FSA retroactive to defendants sentenced before its effective date.  *See* U.S.S.G. App. C, Amend. 750; U.S.S.G. App. C, Amend. 748; *see also Lawson*, 686 F.3d at 1321.  Rouse was initially assigned a base offense level under § 2D1.1, but his total offense level and guideline range were based on § 4B1.1, not § 2D1.1, because he was a career offender.  Thus, Amendment 750 did not alter the sentencing range upon which Rouse's sentence was based. *See Lawson*, 686 F.3d at 1321.  As *Freeman* did not abrogate our prior holding—that defendants sentenced as career offenders, pursuant to § 4B1.1, were not entitled to § 3582(c)(2) sentence reductions where their guideline ranges were unaffected by a retroactive amendment—the district

9

court properly determined that § 3582(c)(2) did not authorize a reduction in Rouse's sentence.  *Id.* at 1320-21.

Next, to the extent that Rouse argues that he is eligible for a § 3582(c)(2) reduction based on the FSA, his argument is foreclosed by our recent decisions in *Berry* and *Hippolyte*.  It is noteworthy that in *Berry*, unlike the present case, application of the FSA's lower statutory penalties in Berry's § 3582(c)(2) proceedings would have had no effect on his guideline range as calculated under § 4B1.1(b).  *See Berry*, 701 F.3d at 377 n.3.  In contrast, in the instant case, if the FSA's lower statutory penalties applied in Rouse's § 3582(c)(2) proceedings, it appears that his career offender guideline range would be reduced.  *See* U.S.S.G. § 4B1.1(b)(2)-(3).

Nevertheless, the logic of *Berry* supports the conclusion that the district court did not have the authority to grant Rouse's § 3582(c)(2) motion.  The FSA is not an amendment to the Guidelines by the Sentencing Commission and, thus, it cannot serve as a basis for a § 3582(c)(2) sentence reduction in Rouse's case.  *See Berry*, 701 F.3d at 377.  In any event, even assuming that Rouse could raise his FSA claim in a § 3582(c)(2) motion, his claim fails because he was sentenced in 2001, before the August 3, 2010, effective date of the FSA, and, therefore, he cannot benefit from the FSA's lower statutory mandatory minimum provisions. *See Hippolyte*, manuscript op. at 14-15.  Contrary to Rouse's assertion on appeal,

10

*Dorsey* did not suggest that the FSA's new statutory penalties should apply to defendants who were sentenced before the FSA's effective date. *See Berry*, 701 F.3d at 377-78 (providing that "*Dorsey* did not suggest that the FSA's new mandatory minimums should apply to defendants, like Berry, who were sentenced long before the FSA's effective date"); *Hippolyte*, manuscript op. at 14-15.

For the foregoing reasons, we affirm the district court's denial of Rouse's § 3582(c)(2) motion.

**AFFIRMED.**