[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15112
Non-Argument Calendar

_____

D.C. Docket No. 8:98-cr-00171-RAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 19, 2013)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Walter Johnson appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) pro se motion for a sentence reduction under Amendment 750, United

States Sentencing Guidelines (U.S.S.G.) App. C, Amend. 750 (2011).  Johnson

argues that he is entitled to relief because his sentence for conspiracy to possess and distribute cocaine base yielded an applicable offense level under U.S.S.G. § 2D1.1 that was higher than his career offender offense level under U.S.S.G. § 4B1.1. Specifically, Johnson's total offense level under § 2D1.1 was 40 while his total offense level under § 4B1.1 was 37. The offense level of 40 was used to establish his Guideline range. Based on this, he asserts that he was sentenced "based on" a Guideline range subsequently reduced by retroactive amendment.

Johnson is not eligible for relief, however, because even under Amendment 750, which affected only the § 2D1.1 offense calculation, his Guideline range would have remained the same. It is not disputed that with the benefit of Amendment 750, Johnson's new §2D1.1 total offense level would have been 36, which would have yielded a lesser Guideline range. But neither is it disputed that the district court found that Johnson qualified as a career offender under § 4B1.1. As a career offender with an offense level of 37, Johnson's recommended Guideline range was 360 months to life, the same as his Guideline range when sentenced with an offense level of 40. Under U.S.S.G. § 4B1.1(b), "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level from . . . this subsection shall apply." U.S.S.G. § 4B1.1(b). This means that even if Amendment 750 had been in effect at the time of his original sentencing, Johnson would have been sentenced as a career offender with the same

2

Guideline range.  A reduction under § 3582(c)(2) is therefore not authorized.  See

United States v. Moore, 541 F.3d 1323, 1327–28 (11th Cir. 2008) (explaining that

"a reduction under § 3582(c)(2) is not authorized where the amendment . . . is

applicable to the defendant but the amendment does not have the effect of lowering

the defendant's applicable guideline range because of the operation of another

guideline" (quotation marks omitted)).[1]

We affirm the judgment of the district court.

**AFFIRMED.**

---

[1] Johnson also argues that Moore was abrogated by Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685 (2011), and that therefore he is entitled to relief even assuming that the career offender guidelines govern his sentence.  However, as Johnson acknowledges, we have rejected that argument and Moore remains binding precedent in this circuit.  See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (holding that Moore was not abrogated by Freeman), cert. denied, 133 S. Ct. 568 (2012).