[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12303
Non-Argument Calendar
_____

D.C. Docket No. 6:08-cr-00265-MSS-KRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NATHANIAH FREDERICKS,
a.k.a. Niah,
a.k.a. Smooth,

Defendant - Appellant.


_____

No. 12-13346
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00326-CEH-KRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELTON JONES,

Defendant - Appellant.

_____

No. 12-14122
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00133-TJC-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO MONTRESE MARLOW,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(July 31, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

2

In this consolidated appeal, Nathaniah Fredericks, Antonio Marlow, and Elton Jones (the defendants) appeal the district court's denials of their respective motions to reduce their sentences under 18 U.S.C. § 3582(c)(2). The district court found that the defendants were each ineligible for relief pursuant to Amendment 750 because they were each sentenced as a career offender. On appeal, the defendants, each of whom received sentences below the career offender guideline range, argue that after the Supreme Court's decision in Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685 (2011) (plurality opinion), a career offender sentenced below the career offender guideline range is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750. The government counters that the defendants are ineligible for a § 3582(c)(2) sentence reduction because, as career offenders, their guideline ranges would have been the same if the amended guideline had been in effect at the time of their sentencing. After careful consideration,[1] we reject the defendants' argument and affirm the district court's denial of their § 3582(c)(2) motions.

## I.

In United States v. Moore, we held that § 3582(c)(2) does not authorize a sentence reduction when a retroactively applicable guideline range amendment

---

[1] "We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012), cert. denied, 133 S. Ct. 568 (2012).

does not change the guideline range upon which a defendant's sentence was based. 541 F.3d 1323, 1330 (11th Cir. 2008). Thus, even when an amendment reduces the base offense level applicable to a defendant, the amendment does not apply to a defendant sentenced as a career offender because it does not affect the defendant's guideline range. Id.

After our decision in Moore, a plurality of the Supreme Court in Freeman v. United States decided that defendants who entered into a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement are eligible to seek § 3582(c)(2) relief when the sentence contained in a plea agreement was based on a guideline range that was later subject to a retroactive amendment. 131 S. Ct. at 2690 (plurality opinion). We have explained that Freeman did not disturb our holding in Moore because the Supreme Court's decision in Freeman did not address "defendants [who] were assigned a base offense level under one guideline section, but then assigned a total offense level and guideline range under a different guideline section." Lawson, 686 F.3d at 1321. Because Moore "remains binding precedent," id., we are compelled to reject the defendants' argument that Freeman should be read to undermine Moore.

We are also compelled to reject the defendants' argument that Moore does not apply to them because they each received sentences below the career offender guideline range. Because the defendants are career offenders, their guideline range

4

was based on § 4B1.1 of the United States Sentencing Guidelines.  See id. at 1319.

That they each received a sentence reduction based on substantial assistance to law

enforcement does not alter the fact that their guideline ranges were based on

§ 4B1.1.  In fact, one of the defendants in Moore also received a sentence

reduction based on substantial assistance, and we found that he was ineligible for

§ 3582(c)(2) relief because there was no "indication that the court based [his]

sentence on the guideline range that would have applied absent the career offender

designation" or that the reduction in his sentence lowered his sentencing range.

Moore, 541 F.3d at 1330.  Here, because the defendants' guideline ranges were

based on § 4B1.1, § 3582(c)(2) does not authorize a reduction in their sentences.

See Lawson, 686 F.3d at 1321.

  For these reasons, the decisions of the district court are **AFFIRMED**.