[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15912
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80103-DTKH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEDRICK LAWSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 13, 2012)

Before CARNES, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Sedrick Lawson, through counsel, appeals the district court's denial of his

request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Lawson argues that, based on the Supreme Court's recent decision in *Freeman v. United States*, 564 U.S. ___, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), he was entitled to a sentence reduction under Amendment 750. For the reasons set forth below, we affirm the district court's denial of Lawson's § 3582(c)(2) motion.

I.

A jury convicted Lawson of knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Prior to sentencing, a probation officer completed a presentence investigation report, in which Lawson was assigned a base offense level of 20, pursuant to U.S.S.G. § 2D1.1(a)(3). The adjusted offense level was increased to 34, pursuant to § 4B1.1(b), because Lawson was a career offender. Due to Lawson's career-offender status, he was assigned a criminal history category of VI, under § 4B1.1. Based on a total offense level of 34 and a criminal history category of VI, Lawson's guideline range was 262 to 327 months' imprisonment. At sentencing, the district court considered the sentencing factors set forth in 18 U.S.C. § 3553(a) and sentenced Lawson to 262 months' imprisonment.

In November 2011, Lawson filed a *pro se* § 3582(c)(2) motion based on

Amendment 750. The district court denied the § 3582(c)(2) motion because Lawson's guideline range, based on U.S.S.G. § 4B1.1, had not been lowered by Amendment 750.

## II.

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). We are bound by a prior panel opinion until the opinion's holding is overruled by the Supreme Court or by our Court sitting *en banc*. *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009). A Supreme Court decision does not overrule one of our prior opinions unless the Supreme Court decision is "clearly on point." *Id.* (quotation omitted). The Supreme Court decision must actually conflict with, and not "merely weaken," our opinion. *Id.*

A court may only modify a term of imprisonment in limited circumstances, including where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 750, effective November 1, 2011, made permanent an amendment lowering the base offense levels for particular crack cocaine quantities in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amends. 748, 750. Neither Amendment 748 nor Amendment 750 made any

3

changes to § 4B1.1, the career-offender guideline.  *See id.*

The offense level for a career offender is determined by § 4B1.1(b), rather than § 2D1.1, and a career offender automatically receives a criminal history category of VI.  U.S.S.G. § 4B1.1(b).  In *Moore*, we explained that, because the defendants had been sentenced as career offenders under § 4B1.1, their "base offense levels under § 2D1.1 played no role in the calculation of [their guideline] ranges."  541 F.3d at 1327.  We held that, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  *Id.* at 1330.  Thus, the defendants in *Moore* were not entitled to § 3582(c)(2) relief because only their base offense levels, and not their guideline ranges, were affected by the relevant sentencing amendment. *Id.*

In *Freeman*, the question before the Supreme Court was whether defendants who entered into Rule 11(c)(1)(C) plea agreements were eligible for § 3582(c)(2) relief.  564 U.S. at ___, 131 S.Ct. at 2690.  A plurality of the Court determined that, when a district court's decision to accept a Rule 11(c)(1)(C) plea was based on the Sentencing Guidelines, the defendant was eligible to seek relief under § 3582(c)(2).  *Id.* at ___, 131 S.Ct. at 2695 (plurality opinion).  The plurality

4

explained that, although Rule 11(c)(1)(C) plea agreements included binding sentencing recommendations, before accepting such a recommendation, a district court was required to evaluate "the recommended sentence in light of the defendant's applicable sentencing range." *Id.* at ___, 131 S.Ct. at 2692 (plurality opinion). The court could then accept that the sentence, whether it was within or outside of the guideline range, so long as the sentence was appropriate under the circumstances. *Id.* (plurality opinion). Thus, where a court accepted a Rule 11(c)(1)(C) plea, that "acceptance . . . itself [was] based on the Guidelines." *Id.* (plurality opinion). "Where the decision to impose a sentence [was] based on a range later subject to retroactive amendment, § 3582(c)(2) permits a sentence reduction." *Id.* at ___, 131 S.Ct. at 2690 (plurality opinion).

Justice Sotomayor concurred in the judgment only. *Id.* at ___, 131 S.Ct. at 2695 (Sotomayor, J., concurring in the judgment). Justice Sotomayor explained that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement was based on the plea agreement itself, not on the defendant's applicable guideline range. *Id.* (Sotomayor, J., concurring in the judgment). Nonetheless, where a plea agreement expressly applied a guideline range, Justice Sotomayor agreed that the plea agreement was based on that guideline range. *Id.* (Sotomayor, J., concurring in the judgment). If that guideline range was later lowered by the Sentencing

5

Commission, the defendant was eligible to seek § 3582(c) relief. *Id.* (Sotomayor, J., concurring in the judgment). Finally, Justice Sotomayor determined that, based on the language in the plea agreement at issue, the defendant's sentence was based on the guideline range determined by the quantity of drugs in the case, the defendant's acceptance of responsibility, and the defendant's criminal history category. *Id.* at ___, 131 S.Ct. at 2699-700 (Sotomayor, J., concurring in the judgment).

The district court did not err in denying Lawson's § 3582(c)(2) motion.[1] First, *Moore* remains binding precedent because it has not been overruled. *See Kaley*, 579 F.3d at 1255. Neither the plurality opinion nor Justice Sotomayor's concurrence[2] in *Freeman* addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1. *See generally Freeman*, 564 U.S. at ___,

---

[1] The government asserts, and Lawson disputes, that plain error review applies to this appeal. As the district court's order was not erroneous, plain or otherwise, we do not determine whether plain error review is applicable. *See United States v. Jackson*, 613 F.3d 1305, 1307 n.1 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1677 (2011) (declining to decide whether plain error review applied because the standard of review did not affect the outcome of the appeal).

[2] Generally, when a Supreme Court decision lacks a majority opinion, "the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977) (quotation omitted). Under *Marks*, Justice Sotomayor's concurring opinion can be viewed as the holding in *Freeman*. Nonetheless, even if the plurality opinion contained the holding, *Freeman* would not overrule *Moore*.

131 S.Ct. at 2690-700.  Thus, *Freeman* is not "clearly on point" to the issue that arose in *Moore*, where the defendants were assigned a base offense level under one guideline section, but then assigned a total offense level and guideline range under a different guideline section.  *Kaley*, 579 F.3d at 1255 (quotation omitted); *see Moore*, 541 F.3d at 1327.

Additionally, the district court correctly denied Lawson's § 3582(c)(2) motion because his guideline range was not lowered by Amendment 750.  *See Moore*, 541 F.3d at 1327, 1330.  Like the defendants in *Moore*, Lawson was initially assigned a base offense level under § 2D1.1.  *See id.* at 1327.  His total offense level and guideline range, however, were based on § 4B1.1, not § 2D1.1, because he was a career offender.  *See id.*  Lawson's base offense level under § 2D1.1 did not affect the calculation of his guideline range.  *See id.*  Thus, Amendment 750, which reduced base offense levels in § 2D1.1, but not in § 4B1.1, did "not alter the sentencing range upon which [Lawson's] sentence was based, [and] § 3582(c)(2) does not authorize a reduction in sentence."  *Id.* at 1330; *see* U.S.S.G. App. C, Amends. 748, 750.

For the foregoing reasons, we affirm the district court's denial of Lawson's § 3582(c)(2) motion.

**AFFIRMED.**