[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14907
Non-Argument Calendar

_____

D.C. Docket No. 9:06-cr-80126-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYANT LEON COUNCIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 23, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Bryant Council, a federal prisoner convicted of possession of intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), appeals the district court's denial of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750. Council argues that, despite the fact that he was sentenced under the career offender provision, he is eligible for a sentence reduction under § 3582(c)(2) because Amendment 750 reduced the sentencing range for the drug quantity for which he was held responsible. He further argues that, because the Fair Sentencing Act of 2010 (FSA) reduced the statutory maximum sentence for his offense, which in turn would have lowered Council's base offense level and concomitant sentencing guideline range, he is eligible for a sentence reduction under § 3582(c)(2).

We review de novo the district court's legal conclusions about the scope of its authority under § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.) (per curiam), *cert. denied*, 133 S. Ct. 568 (2012). Section 3582(c)(2) provides that a court may reduce a defendant's sentence where the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission and must be based on a retroactively applicable guideline amendment listed in § 1B1.10(c). *Id.* According

2

to § 1B1.10, a sentence reduction is unauthorized under § 3582(c)(2) where an amendment does not have the effect of lowering a defendant's "applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

The FSA lowered the statutory mandatory minimum penalties for crack cocaine offenses in 21 U.S.C. § 841(b).  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220 § 2(a), 124 Stat. 2372, 2372 (2010).  In addition, the FSA directed the Sentencing Commission to promulgate emergency amendments to bring the Guidelines into conformity with its provisions "as soon as practicable."  Pub. L. 111-220 § 8, 124 Stat. at 2374.  Pursuant to this directive, the Sentencing Commission promulgated Amendment 750, which, in pertinent part, altered the drug quantity tables of the guidelines, located in U.S.S.G. § 2D1.1, by increasing the quantity of crack cocaine required to trigger each offense level.  U.S.S.G. App. C, amend. 750.

A career offender's offense level is determined by U.S.S.G. § 4B1.1(b), rather than § 2D1.1.  § 4B1.1(b).  We have held that a career offender is not entitled to § 3582(c)(2) relief where a retroactive guideline amendment reduces his base offense level, but does not alter the sentencing range upon which his sentence was based.  *See Lawson*, 686 F.3d at 1320–21.  We recently addressed the applicability of Amendment 750 and the FSA in the context of an § 3582(c)(2) proceeding, holding that the district court did not have the authority to grant a

3

§ 3582(c)(2) motion where Amendment 750 had no effect on a defendant's advisory guideline range.  *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam).  We further observed that "the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction."  *Id.*

Here, the district court correctly denied Council's § 3582(c)(2) motion. Amendment 750 did not alter Council's advisory guideline range because he was sentenced as a career offender, and therefore he was not sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  Further, the FSA's amendments to the statutory maximum penalties for drug offenses cannot serve as the basis for a § 3582(c)(2) reduction. Accordingly, we affirm.

**AFFIRMED.**