[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16173
Non-Argument Calendar

_____

D.C. Docket No. 6:01-cr-00006-JA-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

RICHARD JAMES BASSETT, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 17, 2013)

Before HULL, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Richard Bassett Jr. appeals the denial of his motion to reduce his sentence

based on Amendment 750 to the Sentencing Guidelines.  18 U.S.C. § 3582(c).  The

United States moves for a summary affirmance and to stay the briefing schedule. Because the "position [of the United States] . . . is clearly right as a matter of law so that there [is] no substantial question as to the outcome of the case," Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the motion for summary affirmance and dismiss as moot the motion to stay the briefing schedule.

Bassett's arguments are foreclosed by our precedent. We have held that defendants, like Bassett, whose sentences are based on the career offender guideline, U.S.S.G. § 4B1.1, not on the drug quantity tables, id. § 2D1.1, are ineligible for a reduction of their sentence under Amendment 750. United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012); United States v. Moore, 541 F.3d 1323, 1327–30 (11th Cir. 2008). Bassett argues that the district court should have considered the statutory sentencing factors, 18 U.S.C. § 3553(a), but a district court considers those sentencing factors only when it has the authority to reduce a sentence and decides whether to grant a reduction. The district court lacked the authority to reduce Barrett's sentence.

We **AFFIRM** the denial of Bassett's motion to reduce his sentence, and we **DISMISS** as moot the motion to stay the briefing schedule.

2