[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11477
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00149-CB-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY LAMAR DOUGLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(June 14, 2013)

Before TJOFLAT, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Anthony Douglas appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the Sentencing Guidelines.  Douglas pled guilty to possession with intent to distribute approximately 14.2 grams of cocaine base.  The presentence investigation report (PSI) classified Douglas as a career offender under U.S.S.G. § 4B1.1(a), which resulted in a Guidelines range of 262 to 327 months' imprisonment, and the district court accepted those Guidelines calculations at sentencing.  The Government filed a motion for a downward departure, pursuant to U.S.S.G. § 5K1.1, based on Douglas's substantial assistance.  The court granted the motion in part, noting that Douglas had three prior drug convictions and needed to be punished for his repeated conduct.  The court sentenced him to 128 months' imprisonment, to run consecutively with a 16-month sentence for a related revocation of a prior term of supervised release.

Douglas asserts that, because he received a downward departure, he was not sentenced as a career offender, and that his original base offense level was controlling for § 3582(c)(2) purposes.  He asserts the district court should have ordered a new PSI, and should have considered the factors in 18 U.S.C. § 3553(a) in ruling on his motion to account for his mitigating post-sentencing conduct.

A district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines are reviewed *de novo*.  *United States v. Moore*, 541 F.3d

1323, 1326 (11th Cir. 2008).  A district court may not reduce a defendant's term of imprisonment unless the defendant's sentence was based upon a sentencing range that the Sentencing Commission subsequently lowered, the district court considers the 18 U.S.C. § 3553(a) factors, and the reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A reduction is not consistent with the Sentencing Commission's policy statements if it is based on an amendment that does not have the effect of lowering the defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).

When a defendant is sentenced as a career offender, the sentence is "based on" the Guidelines ranges applicable to career offenders under § 4B1.1, not the levels set forth in § 2D1.1.  U.S.S.G. § 4B1.1; *Moore*, 541 F.3d at 1327.  In *Moore*, we faced the question of whether defendants who were sentenced as career offenders under § 4B1.1 were eligible for § 3582(c)(2) relief in light of Amendment 706, which, like Amendment 750, lowered the base offense levels for certain quantities of crack cocaine under § 2D1.1(c).  *Moore*, 541 F.3d at 1325-27.  We held the defendants did not qualify for § 3582(c)(2) relief because Amendment 706 had no effect on their Guidelines ranges, which were calculated under § 4B1.1.  *Id.* at 1327-30.  We recently reaffirmed *Moore*, and held that a defendant who was convicted of a crack cocaine offense but sentenced as a career offender remains ineligible for a § 3582(c)(2) reduction under Amendment 750.

3

*United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir.), *cert. denied*, 133 S.Ct. 568 (2012).

The record shows that Douglas was sentenced as a career offender. Although he received a downward departure under § 5K1.1 for substantial assistance, this departure did not alter the court's determination that Douglas was a career offender.  Because Amendment 750 did not change his Guidelines range, a new PSI would not have changed his Guidelines range, and the court could not consider § 3553(a) factors, including any post-sentencing conduct.  Thus, Douglas was ineligible for a § 3582(c)(2) reduction in sentence, and the district court did not err in denying Douglas's motion to reduce his sentence.

**AFFIRMED.**