[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10238
Non-Argument Calendar
_____

D.C. Docket No. 9:03-cr-80117-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY MOORE,
a.k.a. Nino,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 8, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Gary Moore appeals the district court's denial of his motion to reduce his

sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United

States Sentencing Guidelines (U.S.S.G.).  The district court held that it lacked

authority to reduce Moore's sentence because Moore was originally sentenced as a career offender and, therefore, Amendment 750 did not lower his guideline range. On appeal, Moore acknowledges that the district court's decision is correct under United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), this Court's decision in his earlier appeal of the district court's denial of his motion to reduce his sentence based on 18 U.S.C. § 3582(c) and Amendment 706 to the Sentencing Guidelines. He argues, however, that "there is a question as to whether the Moore decision has been abrogated in part by the recent amendments to the Sentencing Guidelines."

"In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." Moore, 541 F.3d at 1326 (quotation marks omitted). "We review de novo questions of statutory interpretation." Id. (quotation marks omitted).

The district court's conclusion was correct under Moore. As explained by this Court in Moore:

> In Moore's case, the probation officer assigned Moore a total offense level of 34 and a criminal history category of VI following the application of the career offender guideline. These assignments yielded a guideline range of 262 to 327 months' imprisonment. The government filed a downward departure motion pursuant to § 5K1.1 and 18 U.S.C. § 3553(a) based on Moore's substantial assistance, and the court imposed a sentence of 132 months' imprisonment. . . . [T]he court indicated that the departure was predicated on the government's § 5K1.1 motion.

Id. at 1330.

2

In that case we concluded that Moore was sentenced based on the career offender guidelines, despite receiving a below guideline sentence due to the substantial assistance downward departure.  Id. at 1330.  Although Amendment 706 reduced Moore's base offense level, it did not change "the sentencing range upon which his . . . sentence was based" because he was sentenced as a career offender and, therefore, "§ 3582(c)(2) [did] not authorize a reduction in sentence." Id.

Like Amendment 706, Amendment 750 also lowered base offense levels under U.S.S.G. § 2D1.1, but did not change the career-offender guideline.  See United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012).  Thus, because Moore was sentenced as a career offender and his career-offender  guideline range has not changed, § 3582(c)(2) does not authorize a reduction of his sentence.  See Moore, 541 F.3d at 1330.

Moore argues in this appeal that Moore has, at least in part, been abrogated by a recent amendment to § 1B1.10 of the Sentencing Guidelines.  Moore relies on the following language:

> Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) [of U.S.S.G. § 1B1.10(b)] may be appropriate.

3

United States Sentencing Guidelines § 1B1.10(b)(2) (Nov. 2011).  Moore argues that this provision "suggest[s] that a defendant whose sentence was reduced 'pursuant to a government motion to reflect the defendant's substantial assistance to authorities' would not be imprisoned 'based on' the career offender guidelines and would, thus, be eligible for relief under § 3582(c)(2)."

However, Moore's argument is contrary to the plain language of that provision and the Sentencing Commission's reason for this change, to which he also cites.  See U.S.S.G. § 1B1.10(b)(2); U.S.S.G. App. C, amend. 759, Reason for Amendment.  The exception outlined in U.S.S.G. § 1B1.10(b)(2) allows defendants who originally received a sentence below the guideline range due to a substantial assistance reduction to receive a similar reduction to their "amended guideline range."  U.S.S.G. § 1B1.10(b)(2); see also U.S.S.G. App. C, amend. 759, Reason for Amendment (discussing its application "when the guideline range has been reduced and made available for retroactive application under section 3582(c)(2)").  Here, Moore's guideline range has not changed.  See Lawson, 686 F.3d at 1319; Moore, 541 F.3d at 1330.  Therefore, the fact that Moore received a reduction for substantial assistance has no bearing on our analysis.  The district court did not err in determining that it was not authorized to reduce Moore's sentence pursuant to Moore.

**AFFIRMED.**

4