[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10817
Non-Argument Calendar

_____

D.C. Docket No. 5:96-CR-00023-CAR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDLENCO SHANDAR BILLUPS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 16, 2013)

Before TJOFLAT, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Edlenco Shandar Billups appeals the district court's denial of his motion for

a reduction of sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). After review of

the record and the parties' briefs, we affirm.

On January 21, 1997, Mr. Billups pled guilty to conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & 846. The pre-sentence investigation report indicated that Mr. Billup's total offense level was 31 based upon the quantity of cocaine base (between 50-150 grams) as well as a two-level enhancement for possession of a dangerous weapon and adjustments for accepting responsibility and assisting authorities by providing timely and complete information. Mr. Billups, however, qualified as a career offender under U.S.S.G. § 4B1.1, which subjected him to an enhanced total offense level of 34[1] and a sentencing guideline range of 262 to 327 months' imprisonment. The district court sentenced Mr. Billups as a career offender to 300 months' imprisonment.

On November 1, 2011, Mr. Billups filed a § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to the Sentencing Guidelines. The district court denied Mr. Billups' motion because "a defendant whose original sentence was based on the Career Offender Guideline . . . cannot receive a sentence reduction pursuant to a Guideline amendment like Amendment 750." D.E. 95 at 2. This appeal followed.

"In a § 3582(c)(2) proceeding, 'we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.'"

---

[1] Based on the career offender designation, Mr. Billups' base offense level increased to 37, but his three-level adjustment under U.S.S.G. § 3E1.1 for the acceptance of responsibility and assisting authorities with timely and complete information still applied.

2

*United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Under § 3528(c)(2), a district court may reduce the terms of a defendant's imprisonment if the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. If, however, "a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Moore*, 541 F.3d at 1330.

In this case, Mr. Billups was not eligible for a reduced sentence because he was sentenced as a career offender under § 4B1.1. His sentencing guideline range remained unchanged because § 4B1.1 was not affected by Amendment 750. *See id.* at 1327 (holding that defendants sentenced as career offenders under § 4B1.1 are not entitled to sentence reductions based on an amendment to the base offense levels for crack cocaine offenses in § 2D1.1); *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (holding that *Moore* remains binding precedent and applies to Amendment 750).

Mr. Billups argues that he is nevertheless entitled to a sentence reduction based on the Third Circuit's reasoning in *United States v. Flemming*, 617 F.3d 252 (3d Cir. 2010). In *Flemming*, the Third Circuit decided "[t]he narrow issue" of "whether a career offender who receives a § 4A1.3 downward departure . . . to the Guidelines range for crack cocaine offenses is eligible for a sentence reduction

3

under §3582(c)(2)." *Id*. at 254. That is not the issue in this case. First, Mr. Billups did not receive a downward departure under U.S.S.G. § 4A1.3(b); he received an adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility and assisting authorities with timely and complete information. Second, he was not sentenced within the guideline range applicable to his crack cocaine offense. Mr. Billups received a sentence of 300 months' imprisonment, and the guideline range for his crack cocaine offense—based on a total offense level of 31 and a criminal history category of V—was 168-210 months. *See* PSI at ¶ 82. These are critical distinctions and, therefore, *Flemming* does not help Mr. Billups. *Accord Moore*, 541 F.3d at 1329-31 (distinguishing its facts from other decisions where downward departures were given pursuant to § 4A1.3).

In sum, the district court correctly denied Mr. Billup's § 3582(c)(2) motion.

**AFFIRMED**.

4