[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12902
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-20486-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBIE LANE KENDLE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 18, 2013)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Bobbie Lane Kendle appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. On appeal, Kendle argues the Fair Sentencing Act of 2010 (FSA) and Amendment 750 should apply retroactively to individuals like him whose guideline ranges were "based on" total offense levels, as career offenders, that have since been reduced.  Kendle concedes our precedent bars him from relief, but submits his arguments to preserve them for further review.

We review *de novo* a district court's legal conclusions regarding the scope of its authority under the Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). We have held § 3582(c)(2) only provides a district court with discretion to reduce a sentence that was based on a sentencing range that has been lowered by the Sentencing Commission. *Id.* at 1327.  "[T]he FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction." *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

The denial of Kendle's § 3582(c)(2) request was proper because he was sentenced based on the career offender guidelines. *See Moore*, 541 F.3d at 1330 (holding that a retroactive amendment to the drug quantity table does not have the effect of lowering the career offender-based guideline range within the meaning of § 3582(c)(2)); *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir.), *cert.*

2

*denied*, 133 S. Ct. 568 (2012) (holding that *Moore* remains binding precedent).

Thus, Amendment 750 did not lower Kendle's applicable guideline range.

Moreover, the FSA does not serve as a proper basis for Kendle's § 3582(c)(2)

proceeding and regardless, would not retroactively apply to Kendle.  *See Berry*,

701 F.3d at 377.  The district court did not err in denying Kendle's § 3582(c)(2)

motion for a sentence reduction.[1]

**AFFIRMED.**

---

[1] We may affirm a district court's decision on any ground supported by the record. *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

3