[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10201
Non-Argument Calendar
_____

D.C. Docket No. 2:04-cr-14027-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVORY CHARLES BRINSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 19, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ivory Charles Brinson appeals pro se the denial of his motion to reduce his sentence. Brinson's motion was based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act. See 18 U.S.C. § 3582(c)(2). We affirm.

Brinson's arguments are foreclosed by our precedent. We have held that defendants, like Brinson, whose sentences are based on the career offender guideline, U.S.S.G. § 4B1.1, not on the drug quantity tables, id. § 2D1.1, are ineligible for a reduction of their sentence under Amendment 750. See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012); United States v. Mills, 613 F.3d 1070, 1074–79 (11th Cir. 2010). Brinson also cannot obtain relief under the Fair Sentencing Act. The Act "is not a guidelines amendment by the Sentencing Commission . . . [that can] serve as a basis for a . . . sentence reduction," and does not apply to Brinson because he was sentenced before the Act became effective on August 3, 2010. See United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir.), cert. denied, 134 S. Ct. 181 (2013); United States v. Berry, 701 F.3d 374, 376–78 (11th Cir. 2012). The district court did not err by denying Brinson's motion.

We **AFFIRM** the denial of Brinson's motion to reduce his sentence.