[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10245
Non-Argument Calendar
_____

D.C. Docket No. 8:89-cr-00247-EAK-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISNY JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 16, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Isny Joseph, a federal prisoner, appeals the district court's denial of his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 750

to the Sentencing Guidelines.  At the time he was sentenced, Joseph was subject to

a ten-year statutory minimum sentence.  See 21 U.S.C. § 841(b)(1)(A)(iii) (2009).

Joseph argues that the then-applicable minimum sentence should not be applied in

his § 3582(c)(2) proceeding, but acknowledges that his argument is foreclosed by

our precedent.  After careful review, we affirm.

We review de novo the district court's legal conclusions about the scope of

its authority under § 3582(c)(2).  United States v. Lawson, 686 F.3d 1317, 1319

(11th Cir.), cert. denied, 133 S.Ct. 568 (2012).  Section 3582(c)(2) provides that a

court may reduce a defendant's sentence where the defendant is sentenced to a

term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2); U.S.S.G. §

1B1.10(a)(1).  A sentence reduction is not authorized under § 3582(c)(2) where it

does not have the effect of lowering a defendant's "applicable guideline range."

U.S.S.G. § 1B1.10(a)(2)(B).  Further, a court usually cannot reduce a defendant's

term of imprisonment below the low end of the amended guideline range.  Id. §

1B1.10(b)(2)(A), (B).

In Dorsey v. United States, the Supreme Court held that the Fair Sentencing

Act's ("FSA") reduced statutory mandatory minimums apply to defendants who

committed crack cocaine offenses before August 3, 2010, but were sentenced after

the date the FSA went into effect.  567 U.S. ___, 132 S.Ct. 2321, 2326 (2012).

However, in United States v. Berry, we rejected an argument that a defendant

2

sentenced before the FSA was entitled to a reduction under § 3582(c)(2) in light of the FSA's statutory amendments, determining that the FSA was not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress. 701 F.3d 374, 377 (11th Cir. 2012). We agreed with "every other circuit to address the issue" that there was no evidence that Congress intended the FSA to apply to defendants who had been sentenced before the FSA's August 3, 2010 enactment date. Id. We further reasoned that nothing in Dorsey suggested that the FSA's new mandatory minimums should apply to defendants, like Berry, who were originally sentenced before the FSA's effective date. Id. at 377-78.

In United States v. Hippolyte, we reaffirmed our conclusion in Berry that the Supreme Court's decision in Dorsey did not suggest that the FSA should apply to defendants who were sentenced before the FSA's effective date. 712 F.3d 535, 542 (11th Cir. 2013). We explained that, because the FSA did not apply to Hippolyte's case, the statutory minimums that applied were the ones that were in place at the time when he was sentenced in 1996. Id.

Under Berry and Hippolyte, it is clear that the statutory sentencing provisions in effect at the time of Joseph's initial sentencing remain in effect today. Joseph's present ten-year sentence equals the then-applicable statutory minimum sentence. Therefore, Joseph is ineligible to receive a lower sentence, and the district court correctly denied his motion for a sentence reduction.

**AFFIRMED.**

4