[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11074
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80211-DTKH-14

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIRK IRWIN PIERCE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2015)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Kirk Irwin Pierce, Jr., proceeding pro se, appeals the district court's denial of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, after the district court concluded that it lacked authority under § 3582(c)(2) to reduce Pierce's sentence because, due to a downward variance imposed by the district court at Pierce's original sentencing, his sentence was below the minimum of his amended guideline range. On appeal, Pierce asserts that, a conflict between U.S.S.G. §§ 1B1.10(b)(1) and 1B1.10(b)(2) creates an ambiguity that the district court should have resolved in his favor by applying the rule of lenity. Specifically, relying on *Freeman v. United States*, 564 U.S. ___, 131 S. Ct. 2685 (2011), he contends that all downward departures and variances made by the district court during the original sentencing must remain unaffected when arriving at a new sentence for purposes of a § 3582(c)(2) motion. In addition, he asserts that the language in § 1B1.10(b)(2)(B), which creates an exception to the limitation found in § 1B1.10(b)(2)(A) for defendants who received a downward departure based on substantial assistance, is discriminatory in nature against defendants who did not cooperate and creates a disparity between classes of defendants.

We review de novo the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (per curiam).

2

Pierce asserts that an ambiguity arises when § 1B1.10(b)(1) and (b)(2) are read together because the former creates a rule that guideline application decisions not affected by an amendment—including the downward variance he received at his original sentencing—are to be left unaffected, while the latter does not allow the prisoner to benefit from departures and variances from the original sentencing. In other words, according to Pierce, § 1B1.10(b)(2) here nullifies what § 1B1.10(b)(1) requires to be left "unaffected" because he will not receive the benefit of a downward variance comparable to the one he received at his original sentencing. However, the variance from which Pierce seeks to benefit and application of which was barred by § 1B1.10(b)(2) was not a "guideline application decision," as variances are imposed after the applicable guideline range is set. Thus, § 1B1.10(b)(2) only limits the district court's authority by prohibiting most variances to a sentence below the amended guidelines range, or lower the original sentence if it is already below the amended guidelines range. Because we can resolve the purported conflict, this case does not present us with a "grievous ambiguity or uncertainty in the statute" that would compel us to invoke the rule of lenity. *See Muscarello v. United States*, 524 U.S. 125, 138–39, 118 S. Ct. 1911, 1919 (1998) (internal quotation marks omitted).

Pierce alternatively argues that the exception to the § 1B1.10(b)(2) limitation for substantial assistance to the authorities is discriminatory. He does not explain,

3

however, why discriminating between defendants who are granted variances for substantial assistance and those who receive other variances is improper.

Accordingly, upon review of the entire record on appeal, and after consideration of the parties' briefs,[1] we affirm.

**AFFIRMED.**

---

[1] Pierce moved, unopposed, to file his reply brief out of time. We grant that motion, though it does not change this appeal's disposition.