[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11392
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80130-DTKH-12

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES BUTEAU,
a.k.a. Slaya,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 26, 2015)

Before TJOFLAT, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

James Buteau, proceeding with the assistance of counsel, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines.  No reversible error has been shown; we affirm.

We review de novo the district court's legal conclusions about the scope of its authority under section 3582(c)(2).  United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012).

A district court may not reduce a defendant's term of imprisonment unless (1) the defendant's sentence was based upon a guideline range that the Sentencing Commission later lowered and (2) a reduction is consistent with the Sentencing Commission's applicable policy statements.  18 U.S.C. § 3582(c)(2).  A reduction is inconsistent with the guidelines' policy statements if the guidelines amendment does not lower the defendant's "applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  The defendant bears the burden of establishing that a retroactive amendment actually lowers his guideline range.  United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

When determining whether a reduction is warranted, a court should determine the guidelines range that would have applied had the pertinent

2

amendment been in effect at the time of defendant's sentencing.  U.S.S.G. § 1B1.10(b)(1).  In doing so, a court must substitute only the pertinent amendment into the district court's original guidelines calculations and leave all other sentencing decisions unaffected.  Id.; United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).

In this case, the sentencing court first calculated Buteau's base offense level as 32 under U.S.S.G. § 2D1.1(c)(1), based on the quantity of drugs involved in his offense.  The court then determined that Buteau qualified as a minor participant in the conspiracy and, thus, was eligible for a reduction under U.S.S.G. § 3B1.2(b).  Buteau's minor-role-reduction also entitled him to a two-level reduction in his base offense level under section 2D1.1(a)(5).  See U.S.S.G. § 2D1.1(a)(5) (a defendant is entitled to a two-level reduction in his base offense level if (a) he receives a minor role reduction under section 3B1.2 and (b) if his base offense level under section 2D1.1(c) is 32).

Applying section 2D1.1(a)(5), the sentencing court recalculated Buteau's base offense level as 30.  The court then applied the two-level minor-role-reduction under section 3B1.2(b) and a three-level reduction for acceptance of responsibility under section 3E1.1, resulting in a total offense level of 25.  Based on a total offense level of 25 and a criminal history category of IV, Buteau's guideline range

was calculated as 84 to 105 months' imprisonment. The sentencing court imposed a sentence of 84 months.

The district court committed no error in denying Buteau a sentence reduction based on Amendment 782. Amendment 782 reduced -- by two -- the base offense levels for most drug sentences calculated pursuant to the Drug Quantity Table, U.S.S.G. § 2D1.1(c). U.S.S.G. App. C., amend. 782. Applying retroactively Amendment 782 to Buteau's case reduces the base offense level specified in section 2D1.1(c) from 32 to 30. Doing so, however, renders Buteau ineligible for the additional two-level reduction under section 2D1.1(a)(5), which applies only if the offense level specified in section 2D1.1(c) is 32 or above. Thus, Buteau's base offense level remains 30 after application of Amendment 782.

Leaving the other sentencing decisions unaffected, including application of the two-level minor role reduction under U.S.S.G. § 3B1.2 and the three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, Buteau's total offense level is 25. Together with his criminal history category of IV, Buteau's resulting guideline range remains 84 to 105 months. Because the retroactive application of Amendment 782 results in no change to Buteau's sentencing range, no sentence reduction is authorized under section 3582(c)(2). See Hamilton, 715 F.3d at 337.

AFFIRMED.

4