[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10477
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-10008-KMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

UEL RINCON SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 9, 2015)

Before JULIE CARNES, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Uel Rincon Smith, through counsel, appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a sentence reduction, pursuant to Amendment 782 to the Sentencing Guidelines.  Smith was sentenced to 138 months' imprisonment after pleading guilty to a cocaine-trafficking-conspiracy offense.  No reversible error has been shown; we affirm.

We review de novo the district court's legal conclusions about the scope of its authority under section 3582(c)(2).  United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012).

A district court ordinarily may not modify a defendant's term of imprisonment once it has been imposed.  18 U.S.C. § 3582(c).  A district court may, however, reduce a defendant's sentence if the term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Id. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  We have said that "the statutory provision, the Sentencing Commission's corresponding policy statement, and the commentary to that policy statement all make it clear that a court cannot use an amendment to reduce a sentence in a

2

particular case unless that amendment actually lowers the guidelines range in that case." United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).  The defendant bears the burden of establishing that a retroactive amendment actually lowers his guideline range.  Id.

The district court committed no error in denying Smith a sentence reduction based on Amendment 782.  Under the Guidelines in effect at the time of Smith's original sentencing, a drug quantity of 150 kilograms or more of cocaine resulted in a base offense level of 38.  See U.S.S.G. § 2D1.1(c)(1) (2012).  As a result of Amendment 782, the Guidelines now provide that a drug quantity of 450 kilograms or more of cocaine results in a base offense level of 38.  See U.S.S.G. § 2D1.1(c)(1) (2014).  At no point, however, has Smith disputed that he was responsible for at least 1,100 kilograms of cocaine.

Applying retroactively Amendment 782 to Smith's case, Smith's base offense level remains 38 because Smith was responsible for more than 450 kilograms of cocaine.  See id.  Retroactive application of Amendment 782 results in no change to Smith's guidelines sentencing range; no sentence reduction is

3

authorized under section 3582(c)(2).  See Hamilton, 715 F.3d at 337.[*]

AFFIRMED.

---

[*] Because Smith is, as a matter of law, ineligible for a sentence reduction under section 3582(c)(2), the district court lacked discretion to modify his sentence.  Thus, the district court committed no error in failing to consider the 18 U.S.C. § 3553(a) factors or Smith's downward departure for substantial assistance.  Cf. United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000) (after determining that a guidelines amendment lowers the defendant's guidelines range, a district court must then consider the section 3553(a) factors in determining -- in its discretion -- whether to impose a newly calculated sentence or to retain defendant's original sentence).

4