[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12694
Non-Argument Calendar
_____

D.C. Docket No. 9:06-cr-80081-DTKH-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN FERGUSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 1, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Kelvin Ferguson appeals the denial of his motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines. 18 U.S.C. § 3582(c). The district court, which earlier reduced Ferguson's sentence based on Amendments 706 and 750, ruled that his status as a career offender made him ineligible for a further reduction of his sentence. We affirm.

Ferguson pleaded guilty to conspiring to manufacture and possess with intent to distribute at least 50 grams of cocaine base and 5 kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possessing a firearm as a convicted felon, 18 U.S.C. § 924(e). Ferguson's presentence investigation report assigned him a base offense level of 38 because he was responsible for 1.5 kilograms of cocaine base, U.S.S.G. § 4B1.1, and added two levels for his possession of a firearm, *id.* § 2D1.1(b), which resulted in an adjusted offense level of 40. Ferguson, a career offender, *id.* § 4B1.1(a), and an armed career offender, *id.* § 4B1.4(a), retained the adjusted offense level of 40 because that exceeded the offense level of 37 applicable to a career offender, *id.* § 4B1.4(b). Ferguson received a three-level reduction for acceptance of responsibility, *id.* § 3E1.1, and with a total offense level of 37 and a criminal history of VI, *id.* § 4B1.1(b), had an advisory sentencing range of 360 months to life imprisonment. Based on the motion of the government to reduce Ferguson's sentence by one third for his substantial assistance, *id.* § 5K1.1, the district court sentenced Ferguson to 240 months.

2

The district court twice reduced Ferguson's sentence. 18 U.S.C. § 3582(c)(2). First, the district court reduced Ferguson's base offense level to 36 based on Amendment 706 and, after applicable adjustments, imposed a sentence of 195 months. Later, the district court reduced Ferguson's total offense level to 34 based on Amendment 750 and sentenced him to 175 months, but based on Ferguson's motion for reconsideration, the district court reduced his sentence to 157 months.

The district court lacked authority to further reduce Ferguson's sentence. Amendment 782 did not alter Ferguson's sentencing range. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). Although the Amendment decreased Ferguson's adjusted offense level to 34, *see* U.S.S.G. § 2D1.1(b)-(c), because Ferguson is a career offender, *see id.* § 4B1.1, and that "offense level . . . is greater than the offense level [under the Amendment]," *id.* § 4B1.1(b), his applicable offense level is 37. *See United States v. Lawson*, 686 F.3d 1317, 1319–20 (11th Cir. 2012). After a three-level adjustment for acceptance of responsibility, *id.* § 3E1.1, Ferguson had a total offense level of 34. Because Amendment 782 "does not have the effect of lowering [Ferguson's] applicable guidelines range," a reduction of his sentence "is not authorized under 18 U.S.C. 3582(c)(2)." *Id.* § 1B1.10(a)(2). The district court did not err by denying Ferguson's motion to reduce.

We **AFFIRM** the denial of Ferguson's third motion to reduce his sentence.