[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12935
Non-Argument Calendar

_____

D.C. Docket No. 1:06-cr-20044-MGC-11


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR JONES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 13, 2016)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Arthur Jones appeals the denial of his motion to reduce his sentence.  A

court can reduce a sentence if it was based on a sentencing range that has since

been lowered by the Sentencing Commission, so long as the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Jones's motion is based on Amendment 782, which the Sentencing Commission's policy statement on sentence reductions says applies retroactively. See USSG § 1B1.10(a)(1). However, that statement also says a reduction "is not consistent with this policy statement and therefore is not authorized" if Amendment 782 "does not have the effect of lowering the defendant's applicable guideline range." Id. § 1B1.10(a)(2).

Amendment 782 "does not have the effect of lowering" Jones's guideline range. Jones's presentence investigation report (PSI) calculated a base offense level of 26 based on USSG § 2D1.1. After Amendment 782, Jones's base offense level under § 2D1.1 would be 24. Jones wasn't sentenced based on § 2D1.1 though. Rather, he was sentenced using USSG § 4B1.1 (the career offender guideline). The PSI calculated Jones's offense level at 34 based on § 4B1.1, lowered to 31 because Jones accepted responsibility for his crime. Jones didn't object to any of the facts in the PSI or to his career offender status, so the court sentenced him at offense level of 31. A failure to object to facts in the PSI admits those facts for sentencing purposes. See United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009). Though Amendment 782 would reduce Jones's base offense level under USSG § 2D1.1, his offense level would still be 31 because of USSG

2

§ 4B1.1.  This means Amendment 782 wouldn't lower his sentence, so the Sentencing Commission's policy statement in USSG § 1B1.10(a)(2)(B) bars a reduction.  See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (per curiam) (holding that § 3582(c)(2) bars a sentence reduction when defendants "were assigned a base offense level under" USSG § 2D1.1 but were then "ultimately assigned a [higher] total offense level and guideline range" under USSG § 4B1.1).

Jones claims that his plea agreement said the government wouldn't argue for career-offender status, so this status shouldn't be assumed in deciding his § 3582 motion.  But Jones's plea agreement never mentions the career offender guideline.  All the plea agreement said on this topic is that the government would ask for a sentence at the low end of the guideline range.  This doesn't change the fact that Amendment 782 "does not have the effect of lowering the defendant's applicable guideline range" here.  USSG § 1B1.10(a)(2)(B).  The district court correctly denied Jones's motion.

**AFFIRMED.**

3