[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11515
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00105-JRH-BKE-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL ANTONIO WILSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 30, 2016)

Before HULL, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Michael Antonio Wilson, proceeding pro se, appeals the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines.  On appeal, Wilson argues that the district court was authorized to reduce his sentence because (1) he received a 120 month sentence, the statutory maximum, for his 18 U.S.C. § 922(g) firearm offense, (2) he received a sentence of 138 months on his 21 U.S.C. § 841 drug offense, and thus (3) his drug offense must have been the controlling offense for sentencing.  After review, we affirm.[1]

A district court may reduce a term of imprisonment only if it was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2); see also United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012); U.S.S.G. § 1B1.10(a)(2)(B).  Amendment 782, which is retroactive, reduced by 2 levels the base offense levels for most drug offenses.  U.S.S.G.  app. C, amend. 782 (2014).  A sentence reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A).

Wilson pleaded guilty to one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2) and one count of being a felon in possession of a

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  United States v. James, 548 F.3d 983, 984 (11th Cir. 2008)."

firearm in violation of 18 U.S.C. § 922(g)(1) (Count 10).  The district court sentenced him to 138 months as to Count 2 and 120 months as to Count 10, running concurrently.[2]

For the purpose of calculating Wilson's sentence, Counts 2 and 10 were grouped under Sentencing Guidelines § 3D1.2(c), which provides for grouping of closely related counts when one count "embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts."  U.S.S.G. § 3D1.2(c) (2011).  The offense level for the grouped counts is then "the offense level. . .for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group."  U.S.S.G. § 3D1.3(a) (2011).  Count 10 (the firearm offense) had an offense level of 30, while Count 2 (the drug offense) had an offense level of 10.  The offense level for the firearm conviction thus controlled Wilson's guideline range pursuant to § 3D1.3(a).  Accordingly, Wilson's offense level for the group was 30, which was reduced to 27 based on Wilson's acceptance of responsibility.  Wilson had a criminal history category of V.  With an offense level of 30 and a criminal history category of V, Wilson's guideline range was 120 to 150 months' imprisonment.

Amendment 782 did not affect Wilson's guideline range because, while it lowered the base offense level for his drug offense in Count 2, his guideline range

---

[2]The statutory maximum term of imprisonment for Count 2 was twenty years, and the statutory maximum term of imprisonment for Count 10 was ten years.

was calculated based on the higher offense level for his firearm offense in Count 10 under the grouping rules.  In accordance with that guideline range, the district court sentenced Wilson on Count 2 to a term of imprisonment of 138 months, which is within the guideline range.  Had Amendment 782 applied to Wilson, it would have lowered the offense level for his drug offense, and the firearm offense would still have been the more serious of the counts and would have controlled, resulting in the same guideline range.

Amendment 782 thus did not lower Wilson's guideline range, and the district court did not err in denying Wilson's motion for reduction of sentence.

**AFFIRMED**.