[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11106
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00207-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 1, 2019)

Before TJOFLAT, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

## I.

Freddie Wilson is a federal prisoner.  Pursuant to 18 U.S.C. § 3582(c)(2), he moved to reduce his sentence based on Amendment 780 to the Sentencing Guidelines.  The District Court denied his motion because Amendment 780 applies when the government files a substantial assistance motion under U.S.S.G. § 5K1.1 on the defendant's behalf, and the government made no such motion in this case.  Accordingly, the District Court found that Amendment 780 did not apply to Wilson.  We agree and, therefore, affirm.

## II.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).

Under 18 U.S.C. § 3582, a district court may reduce a defendant's term of imprisonment when his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  However, any reduction in sentence must be consistent with the Sentencing Commission's policy statements.  § 3582(c)(2).  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement if none of the amendments is applicable to the defendant—i.e., the amendment does not affect his sentence.  U.S.S.G. § 1B1.10(a)(2)(A).

2

Effective November 2014, Amendment 780 to the Sentencing Guidelines added language to § 1B1.10(c), providing that:

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence *pursuant to a government motion to reflect the defendant's substantial assistance to authorities*, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 . . . .

U.S.S.G. § 1B1.10(c) (emphasis added).

Here, the District Court correctly concluded that Amendment 780 does not apply in Wilson's case because the government never moved for a reduction to his sentence based on substantial assistance to authorities. *See id.* § 1B1.10(a)(2), (c). Accordingly, we affirm.

**AFFIRMED.**

3