**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13319

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CURTIS SLADE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60123-RS-1

————————————

Before WILLIAM PRYOR, Chief Judge, and ABUDU and ANDERSON,
Circuit Judges.

PER CURIAM:

Curtis Slade appeals the denial of his *pro se* motion for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2). He argues that his conviction for possession of a firearm in furtherance of drug trafficking, *id.* § 924(c)(1)(A), is unconstitutional. We affirm.

## I.    BACKGROUND

In June 2021, officers in Hollywood, Florida, observed a known drug dealer engage in a hand-to-hand transaction with Slade, who then entered a vehicle with another passenger and drove away. Officers followed Slade's vehicle and turned on their emergency lights. Slade stopped, and the officers told him and the passenger to exit the vehicle.

Officers determined that Slade's driver's license was suspended, told him that his vehicle would be towed, and asked if there was anything in the vehicle that he should not have. Slade told the officers that, in the center console, there was a firearm, which they found loaded along with another magazine. When the officers discovered that Slade was on release for resisting arrest with violence and had two felony convictions, they arrested him. An inventory search of the vehicle found bags containing 27.8 grams of cocaine, one gram of fentanyl, and 138.1 grams of methamphetamine.

A grand jury returned a three-count indictment charging Slade with possession with intent to distribute methamphetamine, cocaine, and fentanyl, 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); and possession of a firearm and ammunition

as a convicted felon, *id.* § 922(g)(1). Slade pleaded guilty to the charge under section 924(c), and the government agreed to dismiss the other charges.

Slade's presentence investigation report stated that his guidelines range was the minimum statutory term of imprisonment, 60 months. Slade filed no objections to the report, and both parties requested that the district court impose the statutory mandatory minimum sentence. The district court sentenced Slade to 60 months of imprisonment followed by three years of supervised release.

Three years later, Slade moved *pro se* for a sentence reduction. *See* 18 U.S.C. § 3582(c)(2). He argued, based on an unspecified amendment to the Sentencing Guidelines, that his conviction was unconstitutional. The government responded that Slade's challenge to the legality of his conviction was not a basis for a sentencing reduction under section 3582(c)(2). It also argued that Slade was ineligible for a sentence reduction and that the statutory sentencing factors, *id.* § 3553(a), weighed against a reduction. The district court denied Slade's motion for the reasons "stated in the Government's response."

## II.    STANDARD OF REVIEW

We review *de novo* whether a defendant is eligible for a sentence reduction under section 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). We review the denial of an eligible defendant's request for a sentence reduction for abuse of

discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).

## III.   DISCUSSION

A district court has no inherent authority to modify a defendant's sentence, and it may do so only when permitted by statute or rule. *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Under section 3582(c)(2), a district court may reduce a term of imprisonment for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The district court correctly ruled that Slade is ineligible for a sentence reduction. Slade failed to identify a retroactively applicable amendment to the Sentencing Guidelines that would entitle him to a potential reduction. *Caraballo-Martinez*, 866 F.3d at 1248. He instead argues that his conviction is illegal, but this collateral attack of his conviction must be brought in a motion to vacate his sentence. *See* 28 U.S.C. § 2255; *United States v. Bravo,* 203 F.3d 778, 782 (11th Cir. 2000).

## IV.   CONCLUSION

We **AFFIRM** the denial of Slade's motion for a sentence reduction.