[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10470
Non-Argument Calendar
_____

D.C. Docket No. 3:92-cr-00003-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDREW JAMES PLEDGER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 20, 2014)

Before WILSON, PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Andrew Pledger appeals from the District Court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), Amendment 750 to the United States Sentencing Guidelines, and the Fair Sentencing Act of 2010 (FSA). Pledger was convicted on one count of possession with intent to distribute, and distribution of, cocaine base within 1,000 feet of a public school in violation of 21 U.S.C. § 841(a)(1) and 860(a), and one count of aiding and abetting possession with intent to distribute cocaine base within 1,000 feet of a public school in violation of § 841(a)(1), 860(a), and 18 U.S.C. § 2.  At sentencing, the district court found that Pledger qualified as a career offender pursuant to U.S.S.G. § 4B1.1—making the applicable Guidelines range 360 months to life—and sentenced him to a term of 360 months' imprisonment.

On appeal, Pledger argues Amendment 750 entitles him to a reduced sentence.  He acknowledges that, because he was sentenced as a career offender, our decision in *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008), makes him ineligible for such a reduction.  However, Pledger contends that the Supreme Court's decision in *Freeman v. United States*, ___ U.S. ___, 131 S. Ct. 2685 (2011), abrogated *Moore* and entitles him to relief.  We considered this same argument in *United States v. Lawson*, 686 F.3d 1317, 1320–21 (11th Cir.) (per curiam), *cert. denied* 133 S. Ct. 568 (2012), and determined that *Moore* remains

2

binding precedent notwithstanding the Court's decision in *Freeman*.  Accordingly, Pledger's argument fails.

Pledger also argues that the FSA entitles him to a reduced sentence.  However, the FSA does not apply to defendants who were sentenced before its enactment date.  *See United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir.), *cert. denied* 134 S. Ct. 181 (2013).

The United States has moved for summary affirmance and to stay the briefing schedule.  Because the "position [of the United States] is clearly right as a matter of law so that there [is] no substantial question as to the outcome of the case," *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969),[1] we grant the motion for summary affirmance.

Accordingly, we **AFFIRM** the district court's decision to deny Pledger's motion for a reduction and **DISMISS** as moot the motion to stay the briefing schedule.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as precedent all decisions of the former United States Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.