[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  14-10847
Non-Argument Calendar

_____

D.C. Docket No. 8:01-cr-00079-EAK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANYEL BURNETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 19, 2014)

Before MARCUS, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Danyel Burnett is a federal prisoner serving a sentence of life imprisonment

after being convicted of: (1) distributing 50 grams or more of cocaine base, in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and (2) possessing with intent

to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  In 2012, Burnett filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendments 748 and 750 of the United States Sentencing Guidelines (USSG).  The district court denied this motion, finding that Burnett was not eligible for a reduction in his sentence because he was originally sentenced as a career offender pursuant to USSG § 4B1.1.  Burnett now appeals, and the government has moved to summarily affirm the district court ruling and to stay the briefing schedule in the meantime. After careful review, we grant the government's motion to summarily affirm the district court's ruling.  As a result, the government's motion to stay the briefing schedule is denied as moot.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

---

[1] In Bonner v. Pritchard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981. Id. at 1207.

Summary disposition for the government is appropriate here because our binding precedent clearly prevents Burnett from receiving the sentencing relief he is seeking.  In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), this Court held that prisoners who were sentenced as career offenders under § 4B1.1 are not authorized to be resentenced pursuant to § 3582(c)(2) when the "retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based."  Id. at 1330.  Burnett responds that the Supreme Court's decision in Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685 (2011), calls into question this Court's holding in Moore.  He acknowledges, however, that this Court considered and rejected this argument in United States v. Lawson, 686 F.3d 1317, 1320–21 (11th Cir. 2012).  See id. at 1321 ("Moore remains binding precedent because it has not been overruled.").  Thus, Burnett is not entitled to relief here because he was originally sentenced as a career offender, and his guidelines range was not changed by Amendments 748 and 750.

To the extent that Burnett argues that he is entitled to be resentenced because of the Fair Sentencing Act's reduction of certain statutory mandatory minimums, this argument is also foreclosed by this Court's binding precedent.  See United States v. Berry, 701 F.3d 374 (11th Cir. 2012).  In Berry, this Court held that the Fair Sentencing Act "is not a guidelines amendment by the Sentencing

3

Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction." Id. at 377.  Additionally, this Court held that the Fair Sentencing Act does not apply retroactively to defendants sentenced prior to the Act's enactment on August 3, 2010.  Id.  Burnett, who was sentenced in 2003, therefore cannot benefit from the Fair Sentencing Act's reductions in statutory mandatory minimums.

Because this Court's binding precedent forecloses the review Burnett seeks, the government's motion for summary affirmance is **GRANTED**, the judgment of the district court is **AFFIRMED**, and the government's motion to stay the briefing schedule is **DENIED** as moot.