[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10379
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00978-JAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTTO RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 2, 2015)

Before TJOFLAT, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Otto Rodriguez, appearing *pro se*, appeals the District Court's denial of his motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2), which was based on Amendment 782 to the Sentencing Guidelines.  Rodriguez contends that that he was sentenced pursuant to U.S.S.G. § 2D1.1, and that regardless of his status as a career offender under U.S.S.G. § 4B1.1, he is automatically eligible for a reduced sentence pursuant to Amendment 782.  He also argues that amendments to U.S.S.G. § 1B1.10 made after his conviction eliminated his opportunity to reduce his sentence under Amendment 782, thereby violating the *Ex Post Facto Clause*.[1]

"We review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2)."  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (per curiam).  A court may only reduce a term of imprisonment in limited circumstances, including when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

The Sentencing Commission's policy statement on retroactive reduction of sentences, § 1B1.10, provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been

---

[1] U.S. Const. art. I, § 9, cl. 3.

2

lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).  A reduction of a term of imprisonment is not consistent with this policy statement, and therefore is not authorized by § 3582(c)(2), if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range because another guideline or statutory provision controls.  *Id*. § 1B1.10(a)(2)(B) & cmt. n.1(A).

Amendment 782 reduced by two levels the base offense levels that apply to most drug offenses listed in § 2D1.1(c).  *See* U.S.S.G. app. C, Amend. 782 (2014).  The amendment applies retroactively to orders with an effective date of November 1, 2015, or later.  *See id*., Amend. 788 (adding Amendment 782 to § 1B1.10(d)'s list of retroactively applicable guideline amendments and directing that, if the court orders a reduced term of imprisonment, the effective date of the court's order must be November 1, 2015, or later).  Amendment 782 did not make any changes to § 4B1.1, the career-offender guideline.  *See id.*, Amend. 782.

The offense level for a career offender is determined by § 4B1.1, rather than § 2D1.1, and a career offender automatically receives a criminal history category of VI.  U.S.S.G. § 4B1.1(b); *accord* U.S.S.G. § 4B1.1 (2001).  When a defendant has been sentenced as career offender under § 4B1.1, his base offense level under

3

§ 2D1.1 plays no role in the calculation of his guideline range.  *Lawson*, 686 F.3d at 1320.  "[When] a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  *Id.* (quoting *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008)).

Here, the district court did not err in denying Rodriguez's § 3582(c) motion.  Although Rodriguez's initial base offense level was 28, pursuant to § 2D1.1(c)(6), his guideline sentencing range was based upon his status as a career offender, pursuant to § 4B1.1.  Thus, any change to his initial base offense level as a result of Amendment 782 would not change his guideline sentencing range because the range was based solely upon § 4B1.1.  *See* U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A); *Lawson*, 686 F.3d at 1321.  Moreover, there is no merit to his contention that post-conviction amendments to § 1B1.10 violated the *Ex Post Facto Clause*.  The amendments did not increase the range of punishment applicable to Rodriguez above what it was at the time he committed his crimes.  *See United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir 2103) ("[The *Ex Post Facto Clause*] prohibits 'the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred.'" (quoting *Weaver v. Graham*, 450 U.S. 24, 30, 101 S. Ct. 960, 965, 67 L. Ed. 2d 17 (1981)).

4

AFFIRMED.