[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15248
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00034-WTM-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES LESTER KIMBRELL, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 17, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

James Kimbrell, III, proceeding *pro se*, appeals from the district court's

denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentences based on Amendment 782 to the Sentencing Guidelines.  Kimbrell was sentenced to 60 months' imprisonment for distributing pseudoephedrine and 108 months' imprisonment for possession of a firearm and ammunition by a convicted felon. Kimbrell argues that Amendment 782 lowers his sentence for distributing pseudoephedrine.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2).  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).  The defendant, as the movant, bears the burden of establishing that a retroactive amendment actually lowers his guideline range.  *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).  However, § 3582(c)(2) does not grant the court jurisdiction to consider extraneous resentencing issues, including collateral attacks on a sentence.  *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000).

Ordinarily, a district court may not modify a defendant's term of imprisonment once it has been imposed.  18 U.S.C. § 3582(c).  However, a district court may reduce a defendant's sentence if the term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  For a defendant to be eligible for such a reduction based on a subsequent amendment to the Sentencing Guidelines, the

relevant amendment must be listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  Because Amendment 782 is one of the listed amendments that applies retroactively, it may serve as the basis for a § 3582(c)(2) motion to reduce sentence.  U.S.S.G. §§ 1B1.10(a)(1), (d).  Amendment 782 revises the drug quantity tables in U.S.S.G. § 2D1.1, resulting in a two-level reduction to the base offense level applicable to most drug offenses.  *See* U.S.S.G. App. C, Amend. 782 (2014).  For defendants charged with 36.5 grams of pseudoephedrine, the base offense level was reduced from 26 to 24.  *Compare* U.S.S.G. § 2D1.11(d)(8) (2007) *to* U.S.S.G. § 2D1.11(d)(8) (2015).  However, under the Guidelines' grouping rules, the higher adjusted offense level determines the applicable guideline range.  U.S.S.G. § 3D1.1.

But the grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow.  *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).  A district court may not reduce a defendant's term of imprisonment unless a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A reduction is inconsistent with the Guidelines' policy statement if the amendment does not have the effect of lowering the defendant's "applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  Thus, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range

3

upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Hamilton*, 715 F.3d at 337.

The district court did not err when it denied Kimbrell's § 3582(c)(2) motion because Amendment 782 does not lower his guideline range. Although retroactively applying Amendment 782 decreases Kimbrell's base offense level for Count 1, his adjusted offense level for Count 2 remains higher, and under the Guidelines' grouping rules, the higher adjusted offense level determines the applicable guideline range. U.S.S.G. § 3D1.1. Accordingly, Amendment 782 does not alter the guideline range underlying Kimbrell's sentence and we affirm.

**AFFIRMED.**