[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15792
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00775-PAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES BERNARD GOLDMAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 24, 2017)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Charles Bernard Goldman, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentences based on Amendment 782 to the Sentencing Guidelines.  Goldman contends that the district court erred by denying his § 3582(c)(2) motion based on its determination that he was ineligible for a sentence reduction.  Specifically, he asserts that the district court erred by failing to recalculate his amended guideline sentencing range to take into account the offense level departure of one level he received at sentencing. Goldman concedes that his proposed calculation of the sentencing range results in an amended range that is lower than his current total sentence, but he argues that the rule of lenity applies because U.S.S.G. § 1B1.10(b) is ambiguous as applied to his factual situation.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2).  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).  The defendant, as the movant, bears the burden of establishing that a retroactive amendment actually lowers his guideline range.  *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).  However, § 3582(c)(2) does not grant the court jurisdiction to consider extraneous resentencing issues, including collateral attacks on a sentence.  *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000).

2

Ordinarily, a district court may not modify a defendant's term of imprisonment once it has been imposed.  18 U.S.C. § 3582(c).  However, a district court may reduce a defendant's sentence if the term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *Id*.  For a defendant to be eligible for such a reduction, the relevant amendment must be listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  Because Amendment 782 is one of the listed amendments that applies retroactively, it may serve as the basis for a § 3582(c)(2) motion to reduce sentence.  *Id*. § 1B1.10(a)(1), (d).  Amendment 782 revises the drug quantity tables in U.S.S.G. § 2D1.1, resulting in a two-level reduction to the base offense level applicable to most drug offenses.  *See id*. App. C, amend. 782.

However, the grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow.  *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).  A district court may not reduce a defendant's term of imprisonment unless a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A reduction is inconsistent with the Guidelines' policy statement if the amendment does not have the effect of lowering the defendant's "applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  In making this determination, a district court must treat the retroactive guideline amendment as if it had been in effect at the time the

3

defendant was sentenced, leaving all other guideline application decisions unaffected.  U.S.S.G. § 1B1.10(b)(1). Further, the commentary to § 1B1.10 clarifies that a defendant's "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."  U.S.S.G. § 1B1.10, comment. n.1(A).

Additionally, policy statement § 1B1.10(b)(2)(A) provides, explicitly, that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."  U.S.S.G. § 1B1.10(b)(2)(A).  There is one exception to this prohibition, which applies if the district court sentenced the defendant below the applicable guideline range pursuant to a substantial-assistance motion by the government.  *Id.* § 1B1.10(b)(2)(B).  Accordingly, the commentary to § 1B1.10 clarifies that a district court in a § 3582(c)(2) proceeding may not reduce the defendant's sentence below the minimum of the amended guideline range in order to account for a downward departure that was not based on a substantial-assistance motion.  *See id.* § 1B1.10, comment. n.3.

The district court did not err by denying Goldman's § 3582(c)(2) motion for a sentence reduction based on its conclusion that he was ineligible for relief.  At sentencing, the court found a total offense level of 35 and a criminal history

4

category of VI, which yielded sentencing range of 292-365 months.  However, the district court departed downward from that range, imposing a 262-month total sentence as a result of its finding that Goldman's case was outside the heartland of conduct described by the applicable guideline provisions.

Retroactively applying Amendment 782 would decrease Goldman's base offense level under § 2D1.1(c) to 32, and his adjusted offense level under § 2D1.1(b) and § 3B1.1(c) to 36.  However, because Goldman was designated as a career offender under § 4B1.1, his otherwise applicable offense level would still be adjusted upward to 37.  *See* U.S.S.G. § 4B1.1 (providing that, "[i]f the offense level for a career offender . . . is greater than the offense level otherwise applicable, the offense level from the [career offender table] shall apply").  Retaining all other guideline decisions, including the three-level reduction for acceptance of responsibility under § 3E1.1, Goldman's amended total offense level becomes 34 after application of the retroactive guideline amendment.  Based on a total offense level of 34 and a criminal history category of VI, Goldman's amended guideline range is 262-327 months.  However, Goldman's original 262-month total sentence is at the bottom end of this amended guideline range, and the district court's downward departure at sentencing was not based on a substantial assistance motion. *See* U.S.S.G. § 1B1.10(b)(2)(A)-(B).  Accordingly, reducing his total sentence below his amended guideline sentencing range would be inconsistent with

the policy statement in § 1B1.10(b)(2), and the district court lacked authority to grant a sentence reduction. *See* 18 U.S.C. § 3582(c)(2).

Furthermore, contrary to Goldman's assertion, the district court did not err by failing to consider the downward departure in its calculation of his amended guideline range. Even though Goldman was sentenced below his original sentencing range as a result of a one-level "heartland" departure, this departure does not impact his "applicable guideline range" for purposes of determining § 3582(c)(2) eligibility. *See* U.S.S.G. § 1B1.10, comment, n.1(A). Likewise, to the extent that Goldman challenges his status as a career offender, his arguments are not cognizable in a § 3582(c)(2) proceeding. *See Bravo*, 203 F.3d at 782. Finally, Goldman's reliance on the rule of lenity is equally unavailing, as § 1B1.10(b)(2)(A) is clear that the district court lacks authority to reduce a defendant's term of imprisonment to less than the minimum of the amended guideline range.

The district court's decision is

AFFIRMED.

6