[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  20-12175
Non-Argument Calendar
_____

D.C. Docket No. 4:08-cr-00038-RH-GRJ-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN LAMAR RATLIFF,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 14, 2020)

Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Ratliff, a federal prisoner proceeding *pro se*, appeals the district court's

denial of his motion to reduce sentence under 18 U.S.C. § 3582(c)(2).  The district

court concluded that Ratliff was ineligible for a sentence reduction because, as his guideline range was based on his career offender enhancement, Amendment 782 did not lower his guideline range. The government has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

When appropriate, we will review *de novo* the district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). However, if § 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction only for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). Claims not briefed on appeal are deemed abandoned and issues raised for the first time on appeal are deemed waived. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330-31 (11th Cir. 2004).

---

[1] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers his guideline range as calculated by the sentencing court. U.S.S.G. § 1B1.10 comment. (n.1(A)). Under § 3582(c)(2), a district court must first recalculate the defendant's sentence under the amended guideline range and, in doing so, "[a]ll other guideline application decisions made during the original sentencing remain intact." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).

A district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable guidelines amendment reduces his base offense level but does not alter the guideline range upon which his sentence was based. *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008). Specifically, when a drug offender is sentenced under the career offender guideline in § 4B1.1, his guideline range is calculated based on § 4B1.1, not § 2D1.1. *Lawson*, 686 F.3d at 1321. Because an amendment to § 2D1.1 does not affect a career offender's guideline range, he is ineligible for a sentence reduction under § 3582(c)(2) based on an amendment to that guideline. *See id.* (affirming the denial

3

of a § 3582(c)(2) motion based on Amendment 750 to the Sentencing Guidelines, U.S.S.G. App. C., Amend. 750 (2011)).

Section 2D1.1(c) of the Sentencing Guidelines provides base offense levels for drug offenses based on the type and quantity of drug involved. *See* U.S.S.G. § 2D1.1(c). Amendment 782 to the Sentencing Guidelines altered the base offense levels applicable to certain drug offenses. *See* U.S.S.G. App. C, Amend. 782 (2014).

As an initial matter, Ratliff has abandoned any challenge to the district court's denial of his § 3582(c)(2) motion based on Amendments 706 and 750[2] by failing to present any arguments as to those amendments on appeal. *See Access Now, Inc.*, 385 F.3d at 1330-31. Ratliff also waived our consideration of his *Alleyne v. United States*[3] and *Molina-Martinez v. United States*[4] argument by raising it for the first time on appeal. *See Access Now, Inc.*, 385 F.3d at 1330-31. And we may not consider the arguments based on *Sessions v. Dimaya*[5] and *United States v. Davis*[6] that Ratliff raised for the first time in response to the government's motion to dismiss. *See Access Now, Inc.*, 385 F.3d at 1330-31.

---

[2] U.S.S.G. App. C, Amend. 706, 750.

[3] 570 U.S. 99 (2013).

[4] 136 S. Ct. 1338 (2016).

[5] 138 S. Ct. 1204 (2018).

[6] 139 S. Ct. 2319 (2019).

Even if we considered these arguments, however, they are without merit. Section 3582(c)(2) authorizes only a limited resentencing based on an amendment to the applicable guideline range and, therefore, the district court was without authority to consider claims based on Supreme Court decisions in such a proceeding. *See Bravo*, 203 F.3d at 780-81.

Moreover, the government's position that Ratliff was ineligible for a sentence reduction based on Amendment 782 due to his career offender enhancement is correct as a matter of law. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Ratliff is correct that Amendment 782 may have reduced his base offense level under § 2D1.1 as it was calculated based on attributable drug quantity. However, his guideline range was unaffected by Amendment 782 because his total adjusted offense level and criminal history category were determined under § 4B1.1 rather than § 2D1.1. *See Lawson*, 686 F.3d at 1321. Thus, because Amendment 782 did not impact the career offender guideline in § 4B1.1, Ratliff was ineligible for a sentence reduction under § 3582(c)(2) based on that amendment. *See Moore*, 541 F.3d at 1330.

There is no substantial question that the district court lacked authorization to reduce Ratliff's sentence based on Amendment 782 and properly denied Ratliff's § 3582(c)(2) motion. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. We therefore

GRANT the government's motion for summary affirmance and DENY AS MOOT

its motion to stay the briefing schedule.