[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11918

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRUMAN BILLINGSLEY, JR.,
a.k.a. Truman Billingsley,
a.k.a. Tru,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

D.C. Docket No. 2:16-cr-00232-MHH-HNJ-1

––––––––––––––––––––

Before JILL PRYOR, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Truman Billingsley, a 45-year-old federally incarcerated man, appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). After careful consideration, we affirm.

## I.

In 2016, Billingsley pled guilty to possessing marijuana with the intent to distribute, possessing a firearm in furtherance of a drug trafficking crime, and possessing a firearm after being convicted of a felony. The district court sentenced him to 84 months' imprisonment followed by 60 months of supervised release.[1]

In June 2020, Billingsley filed a *pro se* motion for compassionate release, which was supplemented soon after by his court-appointed counsel. Billingsley stated that the ongoing COVID-19 pandemic presented extraordinary and compelling reasons for reducing his sentence to time-served, as his prior bout with skin cancer and his family history of diabetes placed him at a higher risk of severe illness or death from the virus. Though he had already tested positive for COVID-19 in prison once before,

––––––––––––––––––

[1] Billingsley's projected release date is June 18, 2024.

Billingsley argued that he was at risk of continued or additional complications if he remained incarcerated. Billingsley also expressed his desire to return home and help care for his 96-year-old stepfather.

The government opposed his motion, contending that Billingsley had failed to exhaust his administrative remedies, that he posed a danger to the public, and that he had not shown any extraordinary and compelling reasons for relief.

The district court denied Billingsley's motion, stating that he had not satisfied any of the grounds for compassionate release under the applicable policy statement, U.S.S.G. § 1B1.13. Billingsley appeals, asking us to vacate the district court's judgment and remand the case for further consideration.

## II.

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We also review *de novo* questions of statutory interpretation. *Id.* After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *Id.* We liberally construe *pro se* filings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).[2]

---

[2] The government asserts that plain error review applies because Billingsley raises his argument for the first time on appeal. Billingsley disagrees. None-

## III.

Under § 3582(c)(1)(A), a district court may reduce an imposed term of imprisonment if, after considering the factors contained within 18 U.S.C. § 3553(a), it concludes that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with" the applicable policy statement in the Sentencing Guidelines: § 1B1.13. 18 U.S.C. § 3582(c)(1)(A); *see Bryant*, 996 F.3d at 1262. "[T]he only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by [§] 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

The application notes for § 1B1.13 contain four groups of "extraordinary and compelling reasons" for compassionate release: (A) serious or terminal medical conditions, (B) advanced age, (C) family circumstances, and (D) "[o]ther [r]easons . . . [a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). Under our precedent, courts may not decide the contents of that fourth "catch-all" category of "other reasons"—such discretion is reserved solely for the Director of the Bureau of Prisons. *See Bryant*, 996 F.3d at 1262–65.

---

theless, "[a]s the district court's order was not erroneous, plain or otherwise, we do not determine whether plain error review is applicable." *United States v. Lawson*, 686 F.3d 1317, 1320 n. 1 (11th Cir. 2012).

Here, the district court did not err in denying Billingsley's motion for compassionate release. On appeal, Billingsley does not contend that his reasons for relief fall within any of the extraordinary and compelling circumstances listed in § 1B1.13. Instead, he argues that the district court improperly concluded that § 1B1.13 contained an exhaustive list of reasons that could justify his compassionate release—asserting that § 3582(c)(1)(A) empowers courts to identify other extraordinary and compelling reasons for relief so long as those justifications are "consistent with" those in § 1B1.13.

This argument is foreclosed by our precedent in *Bryant* and *Giron*, however, and Billingsley has not demonstrated why those prior decisions should not be controlling here.

*Bryant* held that "district courts are bound by the . . . definition of 'extraordinary and compelling reasons' found in [§] 1B1.13," and therefore they must apply that definition when assessing motions for compassionate release. 996 F.3d at 1262. Likewise, *Giron* instructed that "the *only* circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by [§] 1B1.13." 15 F.4th at 1346 (emphasis added). Thus, our precedent directly contradicts Billingsley's argument that district courts can identify extraordinary and compelling reasons for release outside of those contained in § 1B1.13.

Under the prior-panel-precedent rule, we are bound by the holdings of *Bryant* and *Giron* unless they have been "overruled or

undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Billingsley argues that *Bryant* and *Giron* are not controlling under our prior-panel-precedent rule for three reasons. First, he argues that *Bryant* is inapplicable because it did not expressly determine whether § 3582(c)(1)(A) allowed district courts to find reasons for relief that are different from, but consistent with, those in § 1B1.13. Second, he contends that the relevant statement from *Giron*—that the *only* circumstances compelling and extraordinary enough for compassionate release were those in § 1B1.13—is mere dicta, as it was unnecessary under the facts of that case to hold that § 1B1.13 contained an exhaustive list of reasons for relief. Third, he says that the Supreme Court's recent decision in *Concepcion v. United States*, which emphasized the importance of judicial discretion in sentencing matters, runs contrary to *Bryant* and *Giron*. 142 S. Ct. 2389, 2396–2402 (2022). We address each argument in turn.

First, *Bryant* is on-point and controlling for this case. There, we held that district courts are bound by § 1B1.13 when assessing motions for compassionate release, "mean[ing] that courts may grant defendant-filed motions . . . but they *must apply* [§] 1B1.13's definition of 'extraordinary and compelling reasons'" in doing so. 996 F.3d at 1262 (emphasis added). Consequently, by mandating the application of § 1B1.13's definition of "extraordinary and compelling reasons," *Bryant* leaves no room for a district

court to do what Billingsley requests—define *other* extraordinary and compelling circumstances that could justify compassionate release.[3] *See id.*

Second, *Giron*'s pronouncement that § 1B1.13 lists the *only* circumstances sufficient for compassionate release is not dicta; it is a holding that binds us. 15 F.4th at 1346. Billingsley correctly suggests that, in general, a proposition qualifies as a holding only when it is necessary to the judgment of a case. *See United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).[4] But, contrary to Billingsley's assertions, the line concerning § 1B1.13's exhaustiveness was essential to the panel's ultimate decision. *Giron*, 15 F.4th at 1346. The statement functioned as an explicit rejection of two

---

[3] In arguing that *Bryant* is not on point, Billingsley states that "[a]ny language in *Bryant* that suggests or implies [that courts cannot find extraordinary or compelling reasons outside of § 1B1.13] is dicta, and dicta is not binding." Appellant's Br. at 14 (internal quotation marks omitted). However, it is difficult to square this argument with his admission that *Bryant* held § 1B1.13 to be applicable to all compassionate-release motions. *Bryant* explained that the language that mandates the use of § 1B1.13's definition of "extraordinary and compelling reasons" serves as the panel's explanation of what it meant for § 1B1.13 to be "applicable" to § 3582(c)(1)(A). 996 F.3d at 1252–62.

[4] Although it is generally true that a proposition must be necessary to the judgment of a case to qualify as a holding, we have also recognized that in some circumstances a statement may be afforded "holding status" even if it is not "strictly necessary" to a court's ultimate decision. *See United States v. Files*, 63 F.4th 920, 926–27 (11th Cir. 2023). But we need not discuss that "grey area" because, as explained above, the *Giron* statement at issue was plainly necessary to the court's judgment. *Id.* at 927.

arguments brought on appeal: (1) courts could independently assess whether reasons for compassionate release existed outside of those listed in § 1B1.13, and (2) medical reasons warranted relief. *Id.* at 1345–47. The rejection of these two points was necessary to conclude that there were no compelling or extraordinary reasons for relief, which in turn, was necessary to affirm the district court's decision to deny compassionate release. *Id.* at 1345–47, 50. Thus, the *Giron* panel's conclusion that § 1B1.13 contained an exhaustive list of reasons for compassionate release was necessary to the final judgment in the case. It is not dicta.

Third, the Supreme Court's decision in *Concepcion* did not overrule or abrogate our precedent that courts can grant compassionate release only for the reasons listed in § 1B1.13. "While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point." *Archer*, 531 F.3d at 1352 (internal quotation marks omitted). Applying this standard, we are not persuaded that *Concepcion* overruled or abrogated our decisions in *Bryant* and *Giron*.

In *Concepcion*, the Supreme Court discussed the factors that a district court could consider when deciding sentence-reduction motions for crack-cocaine convictions under § 404 of the First Step Act of 2018. 142 S. Ct. at 2401–04. The Court held that when a district court was deciding whether to exercise its discretion and award an eligible defendant a sentence reduction, it could "consider other intervening changes of law . . . or changes

of fact," reasoning that there were no statutory constraints in place that prevented district courts from doing so. *Id.* at 2396, 2400.

However, because *Concepcion*'s holding did not address compassionate-release motions, we cannot conclude that the decision overruled or abrogated our precedent in *Bryant* and *Giron* about the types of circumstances that are extraordinary and compelling enough for relief under § 3582(c)(1)(A). Indeed, *Concepcion* recognized that for some sentencing matters, Congress "limited district courts to considering only certain factors" by "requiring [them] to abide by the Sentencing Commission's policy statements"—citing § 3582(c)(1)(A) compassionate-release motions as an example where judicial discretion is "expressly cabined" by congressional decree. 142 S. Ct. at 2400–01. This differentiation shows that *Concepcion* is not "clearly on point." *Archer*, 531 F.3d at 1352 (internal quotation marks omitted). As a result, *Concepcion* did not overrule or abrogate our prior decisions regarding § 3582(c)(1)(A) and § 1B1.13.

Thus, because our precedent forecloses the only argument that Billingsley brings on appeal, and because that precedent has not been overruled or abrogated, we must conclude that the district court did not err in denying Billingsley's motion for compassionate release.

**AFFIRMED.**