[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 24-12932

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

QUNITARIOUS TAVARES GRANT,
a.k.a. "Q",
a.k.a. big dawg,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:18-cr-20080-DPG-1

_____

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Qunitarious Grant appeals the district court's order denying his motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2). He argues that he is entitled to a reduction based on Amendment 821 to the Sentencing Guidelines. The government has moved for summary affirmance. We GRANT the government's motion.

## I.

After Grant participated in two armed robberies, he pleaded guilty to two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). For each count, Grant faced a mandatory minimum sentence of seven years, and the sentences had to be consecutive. *See* 18 U.S.C. § 924(c)(1)(A)(ii).

Before sentencing, a probation officer prepared a presentence investigation report ("PSR"). The PSR explained that for convictions under § 924(c), the applicable guidelines range is "the minimum term of imprisonment required by statute." U.S. Sent'g Guidelines Manual § 2K2.4. The PSR thus reported that the applicable guidelines range for each count was seven years. And because the sentences had to run concurrently, Grant's guidelines range was 14 years (or 168 months). At sentencing, the district court imposed a total sentence of 192 months' imprisonment.

The government later filed a motion to reduce Grant's sentence pursuant to Federal Rule of Criminal Procedure 35. The court granted the motion and reduced Grant's sentence to 154 months' imprisonment.

After Grant received a sentence reduction, the Sentencing Commission amended the guideline provision addressing criminal history status points. At the time Grant was sentenced, when a district court calculated a criminal history score under Chapter Four of the guidelines, a defendant received two additional criminal history points if he committed his offense of conviction while under any criminal justice sentence. *See* U.S.S.G. § 4A1.1(d) (2019). Amendment 821 altered the way "status points" were scored. After Amendment 821, if a defendant had seven or more criminal history points and committed the instant offense while under a criminal justice sentence, he received one additional criminal history point. *See* U.S.S.G. § 4A1.1(e) (2024). And if he had fewer than seven criminal history points and committed the instant offense while under a criminal justice sentence, he received no additional criminal history points. *Id.* The Sentencing Commission made this portion of Amendment 821 retroactive. *See id.* § 1B1.10(d).

After Amendment 821 went into effect, Grant filed a motion in the district court requesting a sentence reduction. The district court denied the motion. This is Grant's appeal. The government has moved for summary affirmance.

## II.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). *See United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).

## III.

A district court has no inherent authority to modify a defendant's sentence; it may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A federal statute authorizes a district court to reduce a defendant's sentence when he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" so long as the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In a policy statement, the Commission has directed that a sentence reduction is permissible under § 3582(c)(2) when the amendment that

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

lowered the defendant's guidelines range is listed at § 1B1.10(d). U.S.S.G. § 1B1.10(a).

A district court must follow a two-step process to evaluate a motion for a sentence reduction under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the court must determine "the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. Second, the court considers whether to exercise its discretion to grant a reduction. *Id.*

In this appeal, we focus on the first step of this analysis. At this step, the court must make sure that a sentence reduction would be consistent with § 1B1.10 by verifying that the Commission included the relevant amendment in § 1B1.10(d)'s list of amendments that apply retroactively. *Id.* It also must determine the extent of a reduction authorized under § 1B1.10. *Id.* To make this determination, a court calculates the guidelines range "that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (citation modified). When an amendment to the guidelines does not change the defendant's guidelines range, he is ineligible for a sentence reduction. *See United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that no reduction was authorized where "the range upon which [the defendant's] sentence was based [was] unaffected by" an amendment).

We grant the government's motion for summary affirmance here because it is clearly correct that Grant is ineligible for a sentence reduction, as Amendment 821 did not alter his guidelines

range. Grant was convicted of two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Section 2K2.4 of the Sentencing Guidelines sets the guidelines range for this offense as "the minimum term of imprisonment required by statute," which in this case was seven years for each count. U.S.S.G § 2K2.4(b); *see* 18 U.S.C. § 924(c)(1)(A)(ii). Importantly, § 2K2.4(b) directs that a court does not look to Chapter Three or Chapter Four of the guidelines when determining the guidelines range for a § 924(c) conviction. U.S.S.G. § 2K2.4(b). As a result, even though Amendment 821 changed how status points are assigned in Chapter Four of the guidelines, it had no effect upon Grant's guidelines range. And because Amendment 821 did not change Grant's guidelines range, he was ineligible for a sentence reduction under § 3582(c)(2). *See Moore*, 541 F.3d at 1330.

Accordingly, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**